QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Plaintiffs
NANTWORKS, LLC and NANT HOLDINGS IP, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANTWORKS, LLC, a Delaware limited liability company, and NANT HOLDINGS IP, LLC, a Delaware limited liability company,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation, and BANK OF AMERICA, N.A., a national banking association,<br><br>        Defendants. | CASE NO.: 2:20-cv-7872<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED**<br><br>Trial Date:        None Set |

Plaintiffs NantWorks, LLC and Nant Holdings IP, LLC ("Nant IP") (collectively, "NantWorks" or "Plaintiffs"), through their attorneys and for their claims against Defendants Bank of America Corporation ("BAC") and Bank of America, N.A. ("BNA") (collectively, "BoA" or "Defendants"), allege as follows:

## THE PARTIES

1.     Plaintiff NantWorks, LLC is a Delaware limited liability company with its principal place of business at 9920 Jefferson Boulevard, Culver City, CA 90232.

2.     Plaintiff Nant Holdings IP, LLC is a Delaware limited liability company with its principal place of business at 9920 Jefferson Boulevard, Culver City, CA 90232.

3.     Upon information and belief, Defendant Bank of America Corporation is a Delaware corporation with its principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, NC 28255.

4.     Upon information and belief, Defendant Bank of America, N.A. is a federally chartered national banking association organized and existing under the laws of the United States and a wholly owned subsidiary of Bank of America Corporation, with its principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, NC 28255.

## JURISDICTION AND VENUE

5.     This civil action contains claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6.     This civil action contains claims for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 1 *et seq.*

7.     This civil action contains claims for trade secret misappropriation arising under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*

8.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, the copyright laws of the United States, 17 U.S.C. § 1 *et seq.*, and

the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*

9.     This Court has supplemental jurisdiction over NantWorks' state law claims pursuant to 28 U.S.C. §1367(a).

10.     This Court has personal jurisdiction over BoA because it has committed acts in this District that give rise to all acts of infringement and misappropriation asserted herein.  This Court also has personal jurisdiction over BoA because it has substantial, systematic and continuous contacts with this District.  BoA has a regular and established place of business in the State of California and in this District, including operating hundreds of bank branches and ATMs in California and in this judicial District, and conducts business with its customers residing in this District both through its bank branches and ATMs and its online and mobile banking services.

11.     BoA has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and has made, used, marketed, distributed, offered for sale, sold, and/or imported infringing products in the State of California, including in this District, and engaged in infringing conduct within and directed at or from this District.  For example, on information and belief, BoA has numerous customers who utilize BoA's mobile check deposit software for mobile check deposit, thereby infringing and causing BoA to infringe the Asserted Patents.

12.     Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391 and 1400(b) at least because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because BoA has committed acts of infringement in this District and has a regular and established place of business in this District.

## INTRODUCTION

13.     This dispute is based on BoA's unauthorized use and misappropriation of NantWorks' pioneering image recognition technology in BoA's widely used mobile check deposit solution.

14.     In early 2010, Matt Calman, a BoA executive, witnessed a demonstration

of NantWorks' image recognition technology.[1]   He was "very impressed" by NantWorks' technology and approached NantWorks regarding a partnership involving image recognition solutions for mobile devices.   The companies then entered into a series of agreements that would allow BoA to evaluate NantWorks' image recognition technology and for both companies to collaborate in commercializing this technology in new and impactful applications, including mobile check deposit.

15.   Pursuant to their agreements, during 2011 and 2012 NantWorks developed mobile check deposit software that vastly outperformed BoA's then existing solution.   BoA was intrigued by the performance of NantWorks' mobile check deposit software and led NantWorks to believe that BoA would incorporate NantWorks' mobile check deposit software into the commercial version of BoA's Mobile Banking application and compensate NantWorks for the use of its technology. After delivering a complete version of NantWorks' software and related confidential technical information, however, NantWorks did not receive further updates on the project.   NantWorks assumed that BoA decided to pursue its existing technology.

16.   Several years later, NantWorks uncovered information demonstrating that BoA not only continued to use NantWorks' software without authorization, but that BoA had incorporated NantWorks' proprietary image recognition technology and NantWorks' intellectual property into its mobile check deposit solution.   As explained below, BoA's actions give rise to NantWorks' claims for patent infringement, copyright infringement, trade secret misappropriation, and breach of contract.

---

[1]   Formed in 2011, NantWorks (through predecessor companies) acquired a number of image recognition companies, including IPPLEX in August 2010 and Evryx in February 2011.  Reference to Nantworks in this Complaint refers to both Nantworks and its predecessor entities including IPPLEX and Evryx.

**FACTUAL BACKGROUND**

**NantWorks, Evryx, and IPPLEX**

17.    NantWorks was formed in 2011 to, among other things, develop solutions to real-world machine vision and image recognition challenges.  NantWorks recognized the benefits of using mobile devices to recognize features in digital images and the application of such technology to numerous industries, including financial services.   To expand its depth in this field, NantWorks (through predecessor companies) acquired a number of image recognition companies, including IPPLEX in August 2010 and Evryx in February 2011.

18.    Evryx had developed and patented fundamental image recognition technology in the early 2000s.  Its technology allowed mobile devices to capture images/video, recognize specific features in the images/video, and provide information associated with the recognized features to users.  Evryx's technology was years ahead of its time, being developed well before the introduction of the first iPhone in 2007 and other early smartphones.   Indeed, Evryx's technology was developed when mobile phones had very limited functionality and certainly nothing approaching the image recognition technologies that are in use today.  For example, one of the most successful mobiles phones released in the early 2000s was the Nokia 3310 shown below, which did not include any capability for image recognition technology, let alone an integrated camera[2]:

---

[2]   https://en.wikipedia.org/wiki/Nokia_3310#/media/File:Nokia_3310_blue.jpg

Case No.: 2:20-cv-7872
COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT



19.     In 2006, IPPLEX was formed to develop innovative image recognition technologies.  By April 2010, IPPLEX had developed its Money Reader application, which allowed the visually impaired to use smartphones to, for example, recognize and identify U.S. currency.   IPPLEX's products were the subject of significant industry acclaim.  For example, IPPLEX's products were awarded first place in the Cellular Telecommunications and Internet Association's Emerging Technology Awards for 2010, and also selected as the winner of the Federal Communications Commission's Chairman's Awards for Advancements in Accessibility in 2011.

### BoA's Evaluation of NantWorks'

### Image Recognition Technology

20.     After the introduction of the iPhone in 2007 and the widespread adoption

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

of smartphones in the late 2000s, the banking industry began to recognize the importance of mobile banking. Banks soon realized that one of the most important mobile banking offerings was the ability to deposit checks using mobile devices. By eliminating the need for customers to deposit checks at brick and mortar branches, banks and their customers could save significant time and money using mobile check deposits. BoA has specifically attributed its mobile banking growth to its ability to achieve savings by closing branches and reducing headcount.[3] Indeed, BoA's CEO Brian Moynihan recently described mobile check deposits as offering "tenfold" savings to BoA over physical deposits.[4]

21. In April 2010, NantWorks[5] demonstrated its image recognition technology to attendees of an industry conference. Matt Calman – a Senior Vice President and Research and Development Executive at BoA who was involved in developing new banking applications – attended the conference and witnessed NantWorks' demonstration. Immediately after the demonstration, Mr. Calman called NantWorks' image recognition technology "very impressive."

22. That same month, Mr. Calman reached out to NantWorks and expressed interest in having NantWorks develop image recognition technologies for BoA. At that time, on information and belief, the mobile check deposit solution BoA was developing suffered from significant performance issues.

23. Shortly after Mr. Calman reached out to NantWorks, the parties entered into the first of a series of agreements that enabled BoA to evaluate NantWorks' image recognition technology for potential use by BoA in its mobile check deposit software. These agreements allowed BoA to use confidential technical information

---

[3]  https://www.businessinsider.com/bank-branches-around-the-world-are-shrinking-in-favor-of-digital-models-2016-10

[4]  https://www.nasdaq.com/articles/bank-america-corp-bac-q1-2019-earnings-call-transcript-2019-04-16?amp

[5]  NantWorks completed its acquisition of IPPLEX in August 2010.

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

provided by NantWorks in a very limited way – that is, only for the purpose of evaluating NantWorks' technology for potential use in BoA's mobile check deposit solution. The agreements prohibited BoA from using NantWorks' technology and confidential information for any other purpose. The agreements also prohibited BoA from using NantWorks' confidential information for any purpose following the end of the evaluation.

24.    As the partnership between BoA and NantWorks progressed, they entered into a collaboration agreement dated October 31, 2011. This agreement, which included limited use restrictions like BoA and NantWorks' earlier agreements, made clear that NantWorks maintained all rights to all image recognition technology that it developed in connection with its partnership with BoA as well as its preexisting image recognition technology. It also required BoA to return or destroy any confidential information disclosed by NantWorks upon termination of the agreement. The collaboration agreement had a term of two years and any rights granted to the parties terminated upon its expiration.

25.    In November 2011, BoA and NantWorks met to discuss next steps under their collaboration agreement. NantWorks agreed to begin development of a mobile check deposit solution that addressed the issues exhibited by BoA's existing solution. During the course of this development effort, BoA's input was limited to describing issues with BoA's existing mobile check deposit solution and identifying high-level user experience features they desired. NantWorks understood that if it was able to develop a mobile check deposit solution that performed better than BoA's mobile check deposit solution, BoA would incorporate NantWorks' solution into its mobile banking application and compensate NantWorks for the use of its technology and intellectual property.

26.    By March 2012, NantWorks had developed the first version of its proprietary mobile check deposit software. Over the next several months NantWorks continued its development efforts, improving its mobile check deposit software to

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

greatly increase its processing speed, consumer usability, and overall reliability. By June 2012, NantWorks' software included fast and reliable optical character recognition ("OCR") for routing and account numbers on paper checks and a video-based image viewfinder that automatically captured paper check images ("auto-capture") of sufficient quality for processing. NantWorks' software also consistently detected errors that BoA's existing mobile check deposit solution had failed to detect with sufficient accuracy for consumer use. These included error detection for overlapping check images and verification that a user was attempting to deposit U.S.-based checks.

27.     To enable BoA to evaluate NantWorks' mobile check deposit solution, NantWorks provided BoA with complete demonstration applications which included NantWorks proprietary mobile check deposit technology.

28.     In June and July of 2012, BoA performed testing of NantWorks' mobile check deposit software against its own mobile check deposit software. This testing revealed the superiority of NantWorks' technology and showed that BoA's software relied on an image capture method that was slow, unreliable, and too cumbersome for its customers to consider useful. For example, BoA's testing showed that NantWorks' software was able to process a check image over ten times faster than BoA's existing solution. BoA also determined that NantWorks' software provided a much more accurate check screening mechanism, with a lower proportion of checks falsely accepted and falsely declined compared to BoA's solution. Based on its testing results, BoA expressed serious concerns about the viability of its mobile check deposit software for consumer use.

29.     Upon information and belief, in July of 2012, even though it knew its existing solution was far inferior to NantWorks' solution, BoA released the first commercial version of its Mobile Banking application which included its mobile check deposit software. On information and belief, BoA did so because it was under pressure to remain competitive with other banks that had already released commercial

Case No.: 2:20-cv-7872
COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

1   mobile check deposit capabilities to their customers.

2       30.    During the remainder of 2012, BoA continued to express its desire to

3   implement NantWorks' mobile check deposit software in BoA's Mobile Banking

4   application.  For example, BoA informed NantWorks that it was looking closely at

5   NantWorks' software, that BoA hoped to put that software into production, and

6   reached out to NantWorks to begin commercial licensing discussions.

7       31.    In early 2013, NantWorks continued to believe that BoA intended to

8   implement its mobile check deposit software in BoA's Mobile Banking application.

9   NantWorks' shared additional information about its mobile check deposit solution

10  with BoA, including developer manuals and header files.  The headers files included

11  information that allowed BoA to incorporate NantWorks' mobile check deposit

12  technology into its own mobile checking application.  The source code and algorithms

13  implemented in NantWorks' mobile check deposit software was and is extremely

14  sensitive and included NantWorks' trade secrets.   And as had been the case

15  throughout 2011 and 2012, the information NantWorks shared was only to be used

16  for evaluation purposes.

17      32.    After providing this additional information regarding NantWorks'

18  mobile check deposit software to BoA in early 2013, BoA began to express less

19  interest and ultimately ceased communications with NantWorks about the project.

20      **BoA's Improper and Unauthorized Use of NantWorks'**

21      **Image Recognition Technology**

22      33.    After 2013, NantWorks believed that BoA had decided to continue to

23  develop its own mobile check deposit technology.   Consequently, NantWorks

24  believed that BoA would honor its agreements to cease all use of and return or destroy

25  NantWorks' confidential information pursuant to the parties' agreements.

26      34.    In the Spring of 2018, NantWorks discovered that the mobile check

27  deposit software it provided to BoA continued to be used by BoA after the conclusion

28  of prior work between NantWorks and BoA.  This discovery resulted from a detailed

-9-                                    Case No.: 2:20-cv-7872

investigation into a software development database that was used for testing and debugging purposes during the development of NantWorks' mobile check deposit software many years earlier. This database recorded certain reports that included information about uses of NantWorks' mobile check deposit software, including when the software was used. NantWorks discovered a large number of reports that occurred after the collaboration with BoA ended in 2013. Upon further investigation, NantWorks determined that these reports could have only originated from the software that it provided to BoA under the parties' prior agreements. Additionally, information within the reports indicated that the use of NantWorks' software originated from BoA networks or networks that appeared to be affiliated with BoA.

35.    NantWorks also investigated the timing of the reports in relation to changes made to BoA's mobile check deposit software. This analysis revealed that there were several periods of time where a high number of reports originated from BoA or BoA affiliated networks followed thereafter by changes to BoA's software that significantly improved its mobile check deposit functionality for users. For example, following the 2014 unauthorized use of NantWorks' mobile check deposit software as reflected in the development database, BoA implemented automatic image capture and confirmation features, which were developed by NantWorks and found in NantWorks' proprietary mobile check deposit software.

36.    The software development database continued to receive reports into the Spring of 2018. The reports permanently stopped, however, after NantWorks discovered the reports in the Spring of 2018 and subsequently requested a meeting with BoA to discuss its unauthorized use of NantWorks' intellectual property.

### The Importance of BoA's Mobile Check Deposit Solution

37.    Mobile check deposits have become a critical aspect of BoA's business. For example, BoA's press releases touted the fact that by the first quarter of 2016 its

customers "used their mobile devices to deposit more than 254,000 checks daily"[6] a figure which rose to over 340,000 checks daily by the second quarter of 2017.[7]  By the fourth quarter of 2018, BoA's customers were depositing over 390,000 checks via mobile devices daily[8] and in 2019, BoA's CEO Brian Moynihan noted on an earnings call that "77% of [BoA's] deposit transactions are now done through digital means."[9]

## NantWorks' Image Recognition Patents

38.     NantWorks has developed a patent portfolio in the field of image recognition, currently numbering over 120 issued patents.  These patents originated with Evryx and are based on Evryx's fundamental image recognition technology.  NantWorks' imaging recognition patent portfolio includes the following United States Patents that are being asserted in this case ("Asserted Patents").

39.     The United States Patent Office issued U.S. Patent No. 7,881,529, titled "Data capture and identification system and process" (the "'529 patent").  The '529 patent issued on February 1, 2011.  A true and correct copy of the '529 patent is attached hereto as Exhibit A.

40.     The United States Patent Office issued U.S. Patent No. 7,899,252, titled "Object information derived from object images" (the "'252 patent").  The '252 patent issued on March 1, 2011.  A true and correct copy of the '252 patent is attached hereto as Exhibit B.

41.     The United States Patent Office issued U.S. Patent No. 8,326,038, titled "Object information derived from object images" (the "'038 patent").  The '038 patent

---

[6]   https://newsroom.bankofamerica.com/press-releases/consumer-banking/fess-majority-americans-deny-their-smartphone-behaviors

[7]   https://newsroom.bankofamerica.com/press-releases/consumer-banking/keeping-digital-natives

[8]   https://newsroom.bankofamerica.com/press-releases/consumer-banking/bank-americas-ericar-surpasses-6-million-users

[9]   https://www.nasdaq.com/articles/bank-america-corp-bac-q1-2019-earnings-call-transcript-2019-04-16?amp

1  issued on December 4, 2012.  A true and correct copy of the '038 patent is attached
2  hereto as Exhibit C.

3      42.    The United States Patent Office issued U.S. Patent No. 8,463,030, titled
4  "Image capture and identification system and process" (the "'030 patent").  The '030
5  patent issued on June 11, 2013.  A true and correct copy of the '030 patent is attached
6  hereto as Exhibit D.

7      43.    The United States Patent Office issued U.S. Patent No. 8,478,036, titled
8  "Image capture and identification system and process" (the "'036 patent").  The '036
9  patent issued on July 2, 2013.  A true and correct copy of the '036 patent is attached
10  hereto as Exhibit E.

11      44.    The United States Patent Office issued U.S. Patent No. 8,520,897, titled
12  "Object information derived from object images" (the "'897 patent").  The '897 patent
13  issued on August 27, 2013.  A true and correct copy of the '897 patent is attached
14  hereto as Exhibit F.

15      45.    The United States Patent Office issued U.S. Patent No. 9,031,278, titled
16  "Image capture and identification system and process" (the "'278 patent").  The '278
17  patent issued on May 12, 2015.  A true and correct copy of the '278 patent is attached
18  hereto as Exhibit G.

19      46.    The United States Patent Office issued U.S. Patent No. 9,324,004, titled
20  "Image capture and identification system and process" (the "'004 patent").  The '004
21  patent issued on April 26, 2016.  A true and correct copy of the '004 patent is attached
22  hereto as Exhibit H.

23      47.    The Asserted Patents identify Wayne C. Boncyk and Ronald H. Cohen
24  as inventors.

25      48.    The claims of the Asserted Patents are directed to technological
26  improvements in the way mobile computing systems operate.  Specifically, the claims
27  relate to improved machine vision techniques that enable mobile computing systems
28  to capture images of physical objects, process those images, and then return

information relating to those objects to the user of the mobile computing system based solely on remotely acquired data associated with the physical object. *See, e.g.,* '529 patent at 3:56-64 ("The present invention includes a novel process whereby information such as Internet content is presented to a user based solely on a remotely acquired data of a physical object. Although coded information can be included in the remotely acquired image, it is not required since no additional information about a physical object, other than its image, needs to be encoded in the linked object. There is no need for any additional code or device, radio, optical or otherwise, to be embedded in or affixed to the object."). As the specifications of the Asserted Patents explain, various prior art techniques were used to associate physical objects with digital information, such as applying a barcode or a radio or optical transceiver to the object to locate the information. *E.g.*, *id.* at 2:13-19 ("Traditional methods for linking objects to digital information, including applying a barcode, radio or optical transceiver or transmitter, or some other means of identification to the object, or modifying the data or object so as to encode detectable information in it, are not required because the data or object can be identified solely by its visual appearance."). Unlike the inventions described in the Asserted Patents, these techniques required the physical manipulation of the physical object to allow linking of information to the object. For example, in the case of a barcode, the barcode is physically applied to the object, requiring time and effort to allow the object to be identifiable. Such modification of an object may also be undesirable as it may disfigure the desired appearance of the object. *E.g.*, *id.* at 1:32-34 ("There is a need to identify an object that has been digitally captured from a database of images without requiring modification or disfiguring of the object").

49. In addition, the claims of the Asserted Patents involve novel combinations of elements relating to machine vision techniques and specific applications of those techniques, not merely the recitation of well-understood, routine, or conventional technologies or components. The use of these machine vision

techniques to identify physical objects and subsequently associate such physical objects to information relating to the object based solely on remotely acquired data associated with the object was not well-known, understood, or routine at the time of the inventions of the Asserted Patents and provided a specific improvement over prior art systems and methods.

50.     Nant IP is the owner of all rights, title, and interest in and to the Asserted Patents, with the full and exclusive right to bring suit to enforce the Asserted Patents, including the right to recover for past damages.

51.     The Asserted Patents are valid and enforceable under the United States Patent Laws.

### BoA's Accused Products

52.     Through its Bank of America Mobile Banking application, BoA offers its mobile check deposit feature to its customers, including individuals and business. On information and belief, BoA controls and operates various computers, servers, software, and other infrastructure that operates and supports its Mobile Banking application and mobile check deposit feature.  The Bank of America Mobile Banking application, its mobile check deposit feature, and the computers, servers, software, and other infrastructure related to the Bank of America Mobile Banking application and its mobile check deposit feature are referred to herein as the "BoA Accused Products."

### BoA's Knowledge of the Asserted Patents Prior to This Case

53.     On information and belief, BoA had knowledge of each of the Asserted Patents prior to the filing of this Complaint.

54.     For example, on November 2, 2011, NantWorks notified nine BoA employees, including Matt Calman, that "NantWorks owns patents covering linking objects to content via mobile phones and visual identification, including image recognition, barcodes, QR codes, other symbols, optical character recognition, and augmented reality" and specifically identified, among others, the '529 and '252

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

patents as patents that "cover capturing an image of an object, identifying the object based on image/object recognition, barcode, or symbol recognition, providing an information address related to the object, and accessing information at that address." BoA was thus well aware of these patents and their applicability to their and their customers' use of their mobile check deposit feature.  In fact, BoA cited the same patents that NantWorks identified on November 2, 2011 during the prosecution of patents BoA was pursuing at that time relating to their mobile check deposit feature. Specifically, BoA cited these patents in an Information Disclosure Statement for a patent application naming Matt Calman as an inventor submitted to the United States Patent and Trademark Office on January 1, 2012 – just two months after NantWorks informed Mr. Calman and others at BoA of its patents.  Thus, Mr. Calman – a Senior Vice President and Research and Development Executive at BoA who was involved in developing new banking applications – was well aware of these patents and their applicability to BoA's mobile check deposit solution.

55.    On July 23, 2018, representatives for NantWorks met with representatives for BoA to present the issues of BoA's misappropriation of NantWorks' intellectual property and BoA's breaches of its prior agreements.  At that time NantWorks made BoA aware of its infringement of various patents within NantWorks' patent portfolio directed to computer image recognition, including the '252 and '004 patents.

**NantWorks' Attempts to Resolve This Dispute**

56.    NantWorks attempted to resolve this dispute without resorting to litigation.  Specifically, NantWorks scheduled and attended several in-person meetings with BoA to discuss BoA's unlawful misappropriation and use of NantWorks' intellectual property and BoA's breaches of its contractual obligations. Despite NantWorks' efforts to reach an amicable resolution, the parties were unable to reach a resolution.

57.    Through this litigation, NantWorks seeks redress for the harm caused by

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

BoA's unlawful use of NantWorks' intellectual property and BoA's breach of its contractual obligations.

### COUNT I:

### Infringement of United States Patent No. 7,881,529

58.     NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

59.     In violation of 35 U.S.C. § 271, BoA has infringed and is currently infringing, directly and/or through intermediaries, the '529 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the BoA Accused Products that practice at least claim 1 of the '529 patent.  The BoA Accused Products meet each and every element this claim.  BoA has infringed and is currently infringing this claim literally and/or under the doctrine of equivalents.

60.     Exemplary claim 1 of the '529 patent states:

1. A system comprising:

a camera that captures an image;

a network-enabled device that conducts a data processing operation on at least a portion of the image to produce data, and sends the data to a service;

the service programmed to receive the data; identify an object within the image;

distinguish an object present in the image from others using a database that stores data characteristics of target objects; associate the object with information; and

return the information to the network-enabled device; and

the network-enabled device further programmed to present the information related to the object to a user.

information related to the object to a user.

61.     The BoA Accused Products operate, in part, on a BoA customer's mobile

-16-

device, such as a mobile phone or tablet.  The BoA Accused Products operate to capture video and image data of a check that the customer wishes to deposit using a camera associated with the mobile device, as exemplified in the images below.





https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

62.     On information and belief, the BoA Accused Products operate to identify an object within the captured video/image data and distinguish the object present in the video/image from others based on features of the object in the captured video/image.  For example, on information and belief, the BoA Accused Products

identify and distinguish the specific type of the check, as described in the below image, as well as components thereof, such as writing, signatures, and alphanumeric characters.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

63.     BoA's Accused Products perform validation and verification of the captured check image and perform a check deposit transaction with the BoA customer's checking account, as described in the image below.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

64.     On information and belief, BoA's Accused Products associate identified objects from the captured check image with relevant information associated with the captured check, including, for example, information concerning monetary amount and parties associated with the check, authorization and validity of the check, the date and status of the checking transaction, and a confirmation number.   BoA's Accused Products provide this information to the customer's device, whereon the information is presented to the a user, as exemplified in the images below.

1

2

3

4

5

6

7

8

9

10

11

12

13



14   https://www.bankofamerica.com/online-banking/mobile-and-online-banking-

15   features/mobile-check-deposit/

16

17

18

19

20

21

22



23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

65.    On information and belief, BoA has had actual knowledge of its infringement of the '529 patent since November 2, 2011, but no later than the filing date of this Complaint.

66.    On information and belief, BoA had actual knowledge of its and its customers' infringement of the '529 patent or was willfully blind thereto as of the issue date of the '529 patent.  For example:

- NantWorks and BoA collaborated closely as part of BoA's evaluation of NantWorks' computer image recognition technologies.

- As part of their relationship, NantWorks made BoA aware of NantWorks' patent portfolio covering computer image recognition and processing, including the '529 patent.

- BoA's patent applications cite numerous NantWorks patent publications in the prosecution family of the '529 patent.

- BoA directly and wrongfully appropriated and incorporated NantWorks' confidential image recognition and processing technology into BoA's mobile check deposit software.  On information and belief, BoA knew or had reason to know that NantWorks owned patent rights covering the appropriated technology or that NantWorks would attain patent rights covering those technologies.

67.    Notwithstanding BoA's actual notice of infringement, BoA has provided and continues to provide the BoA Accused Products to its customers that make or use the BoA Accused Products with knowledge of or willful blindness to the fact that its actions will induce others, including those customers, to directly infringe the '529 patent.  BoA induces others including its customers to infringe the '529 patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to perform actions that BoA knows to be acts of infringement of the '529 patent with intent that those performing the acts infringe the '529 patent, or with willful blindness to such facts.  On information and belief, BoA, directly and/or through intermediaries,

advertises and distributes the BoA Accused Products, publishes instruction materials, specifications and promotional literature describing the operation of the BoA Accused Products, and offers technical assistance, training, and/or consulting services regarding the BoA Accused Products to its customers.[10] At least BoA's customers and other end users of these BoA Accused Products then directly infringe the '529 patent by making or using, without NantWorks' authority, the BoA Accused Products.

68.     On information and belief, BoA knows that the BoA Accused Products are especially made or especially adapted for use in the infringement of the '529 patent. The infringing components of these products are not staple articles or commodities of commerce suitable for substantial noninfringing use, and the infringing components of these products are a material part of the invention of the '529 patent. Accordingly, in violation of 35 U.S.C. § 271(c), BoA is also contributing to the direct infringement of the '529 patent by at least its customers and/or end users of these BoA Accused Products. The customers and/or end users of these BoA Accused Products directly infringe the '529 patent by making or using, without NantWorks' authority, the BoA Accused Products.

69.     As a result of BoA's infringement of the '529 patent, NantWorks has suffered, and will continue to suffer, substantial damages. Accordingly, BoA is liable to NantWorks for damages adequate to compensate for BoA's acts of infringement, in an amount to be proved at trial but in no event less than a reasonable royalty for the use made of NantWorks' invention by BoA under 35 U.S.C. § 284.

70.     In addition, BoA's acts of infringement have caused NantWorks irreparable harm that is not compensable by monetary damages. The hardships that an injunction would impose are less than those faced by NantWorks should an

---

[10]   *See, e.g.*, https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/;
https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/;
https://promo.bankofamerica.com/mobile-check-deposit/

injunction not issue. The public interest would be served by issuance of an injunction. Thus, NantWorks is entitled to a preliminary and a permanent injunction against further infringement. Therefore NantWorks is entitled to injunctive relief under 35 U.S.C. § 283.

71.   BoA's acts of infringement constitute willful, egregious misconduct, and consequently NantWorks is entitled to a discretionary increase of its damages award up to three times the amount found or assessed, costs, and attorney's fees under 35 U.S.C. § 284.

72.   Based on the foregoing facts, NantWorks requests that this Court declare this an exceptional case, and award Plaintiffs their costs and attorney's fees under 35 U.S.C. § 285.

## COUNT II:

## Infringement of United States Patent No. 7,899,252

73.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

74.   In violation of 35 U.S.C. § 271, BoA has infringed and is currently infringing, directly and/or through intermediaries, the '252 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the BoA Accused Products that practice at least claim 18 of the '252 patent. The BoA Accused Products meet each and every element this claim. BoA has infringed and is currently infringing this claim literally and/or under the doctrine of equivalents.

75.   Exemplary claim 18 of the '252 patent states:

> 18. A method for retrieving information from image processing, the method comprising:
>
> providing a mobile device having a camera the mobile device configured to capture an image and configured to transmit data relating to the image an image processing platform;

1          configuring the image processing platform to receive the data
2   relating to the image and to conduct image processing, including:

3          operating on the data relating to the image to determine if the
4   image contains one or more recognizable symbols; and

5          decoding the recognizable symbols to extract symbol information
6   by analyzing the recognizable symbols according to type;

7          providing access to a distal server configured to use a database to
8   identify pertinent information associated with the recognizable symbols
9   based on the symbol information; and

10          allowing the mobile device to receive the pertinent information
11   over a network.

12   76.   The BoA Accused Products operate, in part, on a BoA customer's mobile
13   device, such as a mobile phone or tablet.  The BoA Accused Products operate to
14   capture video and image data of a check that the customer wishes to deposit using a
15   camera associated with the mobile device, as exemplified in the images below.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

77.    On information and belief, the BoA Accused Products operate to identify an object within the captured video/image data and distinguish the object present in the video/image from others based on features of the object in the captured video/image.  For example, on information and belief, the BoA Accused Products identify and distinguish the specific type of the check, as described in the below image, as well as components thereof, such as writing, signatures, and alphanumeric characters.

https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

78.    BoA's Accused Products perform validation and verification of the captured check image and perform a check deposit transaction with the BoA customer's checking account, as described in the image below.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

79.    On information and belief, BoA's Accused Products associate identified objects from the captured check image with relevant information associated with the captured check, including, for example, information concerning monetary amount and parties associated with the check, authorization and validity of the check, the date and status of the checking transaction, and a confirmation number.  BoA's Accused Products provide this information to the customer's device, whereon the information is presented to the a user, as exemplified in the images below.

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

1

2

3

4

5

6

7

8

9

10

11

12

13



14 https://www.bankofamerica.com/online-banking/mobile-and-online-banking-

15 features/mobile-check-deposit/

16

17

18

19

20

21

22

23

24

25

26

27

28



COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

80.     On information and belief, BoA has had actual knowledge of its infringement of the '252 patent since NantWorks' meeting with BoA as of July 23, 2018, and no later than the filing date of this Complaint.

81.     On information and belief, had actual knowledge of its and its customers' infringement of the '252 patent or was willfully blind thereto as of the issue date of the '252 patent.  For example:

- NantWorks and BoA collaborated closely as part of BoA's evaluation of NantWorks' computer image recognition technologies.

- As part of their relationship, NantWorks made BoA aware of NantWorks' patent portfolio covering computer image recognition and processing, including the '252 patent.

- BoA's patent applications cite numerous NantWorks patent publications in the prosecution family of the '252 patent.

- BoA directly and wrongfully appropriated and incorporated NantWorks' confidential image recognition and processing technology into BoA's mobile check deposit software.  On information and belief, BoA knew or had reason to know that NantWorks owned patent rights covering the appropriated technology or that NantWorks would attain patent rights covering those technologies.

82.     Notwithstanding BoA's actual notice of infringement, BoA has provided and continues to provide the BoA Accused Products to its customers that make or use the BoA Accused Products with knowledge of or willful blindness to the fact that its actions will induce others, including those customers, to directly infringe the '252 patent.  BoA induces others including its customers to infringe the '252 patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to perform actions that BoA knows to be acts of infringement of the '252 patent with intent that those performing the acts infringe the '252 patent, or with willful blindness to such facts.  On information and belief, BoA, directly and/or through intermediaries,

advertises and distributes the BoA Accused Products, publishes instruction materials, specifications and promotional literature describing the operation of the BoA Accused Products, and offers technical assistance, training, and/or consulting services regarding the BoA Accused Products to its customers.[11] At least BoA's customers and other end users of these BoA Accused Products then directly infringe the '252 patent by making or using, without NantWorks' authority, the BoA Accused Products.

83.    On information and belief, BoA knows that the BoA Accused Products are especially made or especially adapted for use in the infringement of the '252 patent. The infringing components of these products are not staple articles or commodities of commerce suitable for substantial noninfringing use, and the infringing components of these products are a material part of the invention of the '252 patent. Accordingly, in violation of 35 U.S.C. § 271(c), BoA is also contributing to the direct infringement of the '252 patent by at least its customers and/or end users of these BoA Accused Products. The customers and/or end users of these BoA Accused Products directly infringe the '252 patent by making or using, without NantWorks' authority, the BoA Accused Products.

84.    As a result of BoA's infringement of the '252 patent, NantWorks has suffered, and will continue to suffer, substantial damages. Accordingly, BoA is liable to NantWorks for damages adequate to compensate for BoA's acts of infringement, in an amount to be proved at trial but in no event less than a reasonable royalty for the use made of NantWorks' invention by BoA under 35 U.S.C. § 284.

85.    In addition, BoA's acts of infringement have caused NantWorks irreparable harm that is not compensable by monetary damages.  The hardships that an injunction would impose are less than those faced by NantWorks should an

---

[11]   *See, e.g.*, https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/;
https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/;
https://promo.bankofamerica.com/mobile-check-deposit/

injunction not issue. The public interest would be served by issuance of an injunction. Thus, NantWorks is entitled to a preliminary and a permanent injunction against further infringement. Therefore NantWorks is entitled to injunctive relief under 35 U.S.C. § 283.

86.    BoA's acts of infringement constitute willful, egregious misconduct, and consequently NantWorks is entitled to a discretionary increase of its damages award up to three times the amount found or assessed, costs, and attorney's fees under 35 U.S.C. § 284.

87.    Based on the foregoing facts, NantWorks requests that this Court declare this an exceptional case, and award Plaintiffs their costs and attorney's fees under 35 U.S.C. § 285.

## COUNT III:

## Infringement of United States Patent No. 8,326,038

88.    NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

89.    In violation of 35 U.S.C. § 271, BoA has infringed and is currently infringing, directly and/or through intermediaries, the '038 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the BoA Accused Products that practice at least claim 1 of the '038 patent. The BoA Accused Products meet each and every element this claim. BoA has infringed and is currently infringing this claim literally and/or under the doctrine of equivalents.

90.    Exemplary claim 1 of the '038 patent states:

1. An interactive system comprising:

an optical sensor capable of capturing image information from a displayed image on a portable device display screen; and

an image processing platform coupled with the optical sensor and configured to:

1    identify features from the image information relating to the displayed

2    image;

3        recognize a target based on the features;

4        associate the target with target information pertinent to the target; and

5        enable a transaction with an account based on the target information.

6    91.    The BoA Accused Products operate, in part, on a BoA customer's mobile

7    device, such as a mobile phone or tablet.  The BoA Accused Products operate to

8    capture video and image data of a check that the customer wishes to deposit using a

9    camera associated with the mobile device, as exemplified in the images below.





COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

92.    On information and belief, the BoA Accused Products operate to identify an object within the captured video/image data and distinguish the object present in the video/image from others based on features of the object in the captured video/image.    For example, on information and belief, the BoA Accused Products identify and distinguish the specific type of the check, as described in the below image, as well as components thereof, such as writing, signatures, and alphanumeric characters.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

93.    BoA's Accused Products perform validation and verification of the captured check image and perform a check deposit transaction with the BoA customer's checking account, as described in the image below.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

94.    On information and belief, BoA's Accused Products associate identified objects from the captured check image with relevant information associated with the captured check, including, for example, information concerning monetary amount and

Case No.: 2:20-cv-7872
COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

parties associated with the check, authorization and validity of the check, the date and status of the checking transaction, and a confirmation number.   BoA's Accused Products provide this information to the customer's device, whereon the information is presented to the a user, as exemplified in the images below.



https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

95.     On information and belief, BoA has had actual knowledge of its infringement of the '038 patent since no later than the filing date of this Complaint.

96.     On information and belief, had actual knowledge of its and its customers' infringement of the '038 patent or was willfully blind thereto as of the issue date of the '038 patent.  For example:

- NantWorks and BoA collaborated closely as part of BoA's evaluation of NantWorks' computer image recognition technologies.

- As part of their relationship, NantWorks made BoA aware of NantWorks' patent portfolio covering computer image recognition and processing.

- BoA's patent applications cite numerous NantWorks patent publications in the prosecution family of the '038 patent.

- BoA directly and wrongfully appropriated and incorporated NantWorks' confidential image recognition and processing technology into BoA's mobile check deposit software.  On information and belief, BoA knew or had reason to know that NantWorks owned patent rights covering the

-33-

appropriated technology or that NantWorks would attain patent rights covering those technologies.

97.    Notwithstanding BoA's actual notice of infringement, BoA has provided and continues to provide the BoA Accused Products to its customers that make or use the BoA Accused Products with knowledge of or willful blindness to the fact that its actions will induce others, including those customers, to directly infringe the '038 patent.  BoA induces others including its customers to infringe the '038 patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to perform actions that BoA knows to be acts of infringement of the '038 patent with intent that those performing the acts infringe the '038 patent, or with willful blindness to such facts.  On information and belief, BoA, directly and/or through intermediaries, advertises and distributes the BoA Accused Products, publishes instruction materials, specifications and promotional literature describing the operation of the BoA Accused Products, and offers technical assistance, training, and/or consulting services regarding the BoA Accused Products to its customers.[12] At least BoA's customers and other end users of these BoA Accused Products then directly infringe the '038 patent by making or using, without NantWorks' authority, the BoA Accused Products.

98.    On information and belief, BoA knows that the BoA Accused Products are especially made or especially adapted for use in the infringement of the '038 patent. The infringing components of these products are not staple articles or commodities of commerce suitable for substantial noninfringing use, and the infringing components of these products are a material part of the invention of the '038 patent. Accordingly, in violation of 35 U.S.C. § 271(c), BoA is also contributing to the direct infringement of the '038 patent by at least its customers and/or end users

---

[12]  *See, e.g.*, https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/;
https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/;
https://promo.bankofamerica.com/mobile-check-deposit/

Case No.: 2:20-cv-7872
COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

of these BoA Accused Products. The customers and/or end users of these BoA Accused Products directly infringe the '038 patent by making or using, without NantWorks' authority, the BoA Accused Products.

99.     As a result of BoA's infringement of the '038 patent, NantWorks has suffered, and will continue to suffer, substantial damages. Accordingly, BoA is liable to NantWorks for damages adequate to compensate for BoA's acts of infringement, in an amount to be proved at trial but in no event less than a reasonable royalty for the use made of NantWorks' invention by BoA under 35 U.S.C. § 284.

100.   In addition, BoA's acts of infringement have caused NantWorks irreparable harm that is not compensable by monetary damages.  The hardships that an injunction would impose are less than those faced by NantWorks should an injunction not issue. The public interest would be served by issuance of an injunction. Thus, NantWorks is entitled to a preliminary and a permanent injunction against further infringement. Therefore NantWorks is entitled to injunctive relief under 35 U.S.C. § 283.

101.   BoA's acts of infringement constitute willful, egregious misconduct, and consequently NantWorks is entitled to a discretionary increase of its damages award up to three times the amount found or assessed, costs, and attorney's fees under 35 U.S.C. § 284.

102.   Based on the foregoing facts, NantWorks requests that this Court declare this an exceptional case, and award Plaintiffs their costs and attorney's fees under 35 U.S.C. § 285.

## COUNT IV:

## Infringement of United States Patent No. 8,463,030

103.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

104.   In violation of 35 U.S.C. § 271, BoA has infringed and is currently infringing, directly and/or through intermediaries, the '030 patent by making, using,

selling, offering for sale, and/or importing into the United States, without authority, the BoA Accused Products that practice at least claim 1 of the '030 patent.  The BoA Accused Products meet each and every element this claim.  BoA has infringed and is currently infringing this claim literally and/or under the doctrine of equivalents.

105.    Exemplary claim 1 of the '030 patent states:

1. A transaction system comprising:

a mobile device configured to acquire data related to an object;

an object identification platform configured to obtain the acquired data, recognize the object as a target object based on the acquired data, and determine object information associated with the target object; and

a content platform configured to obtain the object information, and initiate a transaction associated with the target object with a selected account over a network based on the object information.

106.    The BoA Accused Products operate, in part, on a BoA customer's mobile device, such as a mobile phone or tablet.  The BoA Accused Products operate to capture video and image data of a check that the customer wishes to deposit using a camera associated with the mobile device, as exemplified in the images below.



COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

107.   On information and belief, the BoA Accused Products operate to identify an object within the captured video/image data and distinguish the object present in the video/image from others based on features of the object in the captured video/image.  For example, on information and belief, the BoA Accused Products identify and distinguish the specific type of the check, as described in the below image, as well as components thereof, such as writing, signatures, and alphanumeric characters.

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

108.   BoA's Accused Products perform validation and verification of the captured check image and perform a check deposit transaction with the BoA customer's checking account, as described in the image below.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

109.   On information and belief, BoA's Accused Products associate identified objects from the captured check image with relevant information associated with the captured check, including, for example, information concerning monetary amount and parties associated with the check, authorization and validity of the check, the date and status of the checking transaction, and a confirmation number.   BoA's Accused Products provide this information to the customer's device, whereon the information is presented to the a user, as exemplified in the images below.

Case No.: 2:20-cv-7872
COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

1
2
3
4
5
6
7
8
9
10
11
12
13



14   https://www.bankofamerica.com/online-banking/mobile-and-online-banking-

15   features/mobile-check-deposit/

16
17
18
19
20
21
22



23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

110.   On information and belief, BoA has had actual knowledge of its infringement of the '030 patent since no later than the filing date of this Complaint.

111.   On information and belief, had actual knowledge of its and its customers' infringement of the '030 patent or was willfully blind thereto as of the issue date of the '030 patent.  For example:

- NantWorks and BoA collaborated closely as part of BoA's evaluation of NantWorks' computer image recognition technologies.

- As part of their relationship, NantWorks made BoA aware of NantWorks' patent portfolio covering computer image recognition and processing.

- BoA's patent applications cite numerous NantWorks patent publications in the prosecution family of the '030 patent.

- BoA directly and wrongfully appropriated and incorporated NantWorks' confidential image recognition and processing technology into BoA's mobile check deposit software.  On information and belief, BoA knew or had reason to know that NantWorks owned patent rights covering the appropriated technology or that NantWorks would attain patent rights covering those technologies.

112.   Notwithstanding BoA's actual notice of infringement, BoA has provided and continues to provide the BoA Accused Products to its customers that make or use the BoA Accused Products with knowledge of or willful blindness to the fact that its actions will induce others, including those customers, to directly infringe the '030 patent.  BoA induces others including its customers to infringe the '030 patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to perform actions that BoA knows to be acts of infringement of the '030 patent with intent that those performing the acts infringe the '030 patent, or with willful blindness to such facts.  On information and belief, BoA, directly and/or through intermediaries, advertises and distributes the BoA Accused Products, publishes instruction materials,

specifications and promotional literature describing the operation of the BoA Accused Products, and offers technical assistance, training, and/or consulting services regarding the BoA Accused Products to its customers.[13] At least BoA's customers and other end users of these BoA Accused Products then directly infringe the '030 patent by making or using, without NantWorks' authority, the BoA Accused Products.

113.   On information and belief, BoA knows that the BoA Accused Products are especially made or especially adapted for use in the infringement of the '030 patent. The infringing components of these products are not staple articles or commodities of commerce suitable for substantial noninfringing use, and the infringing components of these products are a material part of the invention of the '030 patent. Accordingly, in violation of 35 U.S.C. § 271(c), BoA is also contributing to the direct infringement of the '030 patent by at least its customers and/or end users of these BoA Accused Products. The customers and/or end users of these BoA Accused Products directly infringe the '030 patent by making or using, without NantWorks' authority, the BoA Accused Products.

114.   As a result of BoA's infringement of the '030 patent, NantWorks has suffered, and will continue to suffer, substantial damages. Accordingly, BoA is liable to NantWorks for damages adequate to compensate for BoA's acts of infringement, in an amount to be proved at trial but in no event less than a reasonable royalty for the use made of NantWorks' invention by BoA under 35 U.S.C. § 284.

115.   In addition, BoA's acts of infringement have caused NantWorks irreparable harm that is not compensable by monetary damages.  The hardships that an injunction would impose are less than those faced by NantWorks should an injunction not issue. The public interest would be served by issuance of an injunction.

---

[13]  *See, e.g.*, https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/;
https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/;
https://promo.bankofamerica.com/mobile-check-deposit/

Thus, NantWorks is entitled to a preliminary and a permanent injunction against further infringement. Therefore NantWorks is entitled to injunctive relief under 35 U.S.C. § 283.

116.   BoA's acts of infringement constitute willful, egregious misconduct, and consequently NantWorks is entitled to a discretionary increase of its damages award up to three times the amount found or assessed, costs, and attorney's fees under 35 U.S.C. § 284.

117.   Based on the foregoing facts, NantWorks requests that this Court declare this an exceptional case, and award Plaintiffs their costs and attorney's fees under 35 U.S.C. § 285.

## COUNT V:

## Infringement of United States Patent No. 8,478,036

118.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

119.   In violation of 35 U.S.C. § 271, BoA has infringed and is currently infringing, directly and/or through intermediaries, the '036 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the BoA Accused Products that practice at least claim 1 of the '036 patent.  The BoA Accused Products meet each and every element this claim.   BoA has infringed and is currently infringing this claim literally and/or under the doctrine of equivalents.

120.   Exemplary claim 1 of the '036 patent states:

1. A content provisioning system comprising:

a target database storing known targets of different types and recognition parameters associated with the known targets;

an identification platform coupled with the target database, and that:

communicates with a mobile device capable of acquiring a digital representation of a scene containing at least a portion of a target;

receives the digital representation from the mobile device; and

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

recognizes the target as a known target from the target database based on comparing parameters derived from the digital representation to recognition parameters associated with the known targets; and

a content service coupled with the identification platform, and that:

obtains content information related to the known target; and

sends the content information to at least one of the identification platform and the mobile device.

121.    The BoA Accused Products operate, in part, on a BoA customer's mobile device, such as a mobile phone or tablet.  The BoA Accused Products operate to capture video and image data of a check that the customer wishes to deposit using a camera associated with the mobile device, as exemplified in the images below.



COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

1
2
3
4
5
6
7
8
9
10
11
12
13



14   https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

15      122.    On information and belief, the BoA Accused Products operate to identify

16   an object within the captured video/image data and distinguish the object present in

17   the video/image from others based on features of the object in the captured

18   video/image.  For example, on information and belief, the BoA Accused Products

19   identify and distinguish the specific type of the check, as described in the below

20   image, as well as components thereof, such as writing, signatures, and alphanumeric

21   characters.

22
23
24
25
26
27
28

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

**What types of checks are accepted with Mobile Check Deposit?**

We only accept checks from a U.S. financial institution, in U.S. dollars.[3] The following items are eligible for mobile deposit:

- Personal checks
- Business checks
- Government/treasury checks
- Cashier's checks

Please visit a financial center to deposit the following items which are currently not accepted via mobile deposit:

- U.S. savings bonds
- Checks from foreign banks
- Money orders
- Traveler's checks
- Image Replacement Documents (IRDs)
- Third-party checks
- Checks not payable in U.S. dollars

https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

123.   BoA's Accused Products perform validation and verification of the captured check image and perform a check deposit transaction with the BoA customer's checking account, as described in the image below.



**When will my funds be available?**

Deposits are subject to verification and funds will not be available immediately. Once the deposit has been received, you'll be able to view the pending transaction online or on your phone. Checks received by the applicable cutoff time on a business day are usually available in your account the next business day.

https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

124.   On information and belief, BoA's Accused Products associate identified objects from the captured check image with relevant information associated with the captured check, including, for example, information concerning monetary amount and parties associated with the check, authorization and validity of the check, the date and status of the checking transaction, and a confirmation number.   BoA's Accused Products provide this information to the customer's device, whereon the information is presented to the a user, as exemplified in the images below.

Case No.: 2:20-cv-7872

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

1

2

3

4

5

6

7

8

9

10

11

12

13



14   https://www.bankofamerica.com/online-banking/mobile-and-online-banking-

15   features/mobile-check-deposit/

16

17

18

19

20

21

22

23

24

25

26



27

28

-46-

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

125.   On information and belief, BoA has had actual knowledge of its infringement of the '036 patent since no later than the filing date of this Complaint.

126.   On information and belief, had actual knowledge of its and its customers' infringement of the '036 patent or was willfully blind thereto as of the issue date of the '036 patent.  For example:

- NantWorks and BoA collaborated closely as part of BoA's evaluation of NantWorks' computer image recognition technologies.

- As part of their relationship, NantWorks made BoA aware of NantWorks' patent portfolio covering computer image recognition and processing.

- BoA's patent applications cite numerous NantWorks patent publications in the prosecution family of the '036 patent.

- BoA directly and wrongfully appropriated and incorporated NantWorks' confidential image recognition and processing technology into BoA's mobile check deposit software.  On information and belief, BoA knew or had reason to know that NantWorks owned patent rights covering the appropriated technology or that NantWorks would attain patent rights covering those technologies.

127.   Notwithstanding BoA's actual notice of infringement, BoA has provided and continues to provide the BoA Accused Products to its customers that make or use the BoA Accused Products with knowledge of or willful blindness to the fact that its actions will induce others, including those customers, to directly infringe the '036 patent.  BoA induces others including its customers to infringe the '036 patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to perform actions that BoA knows to be acts of infringement of the '036 patent with intent that those performing the acts infringe the '036 patent, or with willful blindness to such facts.   On information and belief, BoA, directly and/or through intermediaries, advertises and distributes the BoA Accused Products, publishes instruction materials,

specifications and promotional literature describing the operation of the BoA Accused Products, and offers technical assistance, training, and/or consulting services regarding the BoA Accused Products to its customers.[14] At least BoA's customers and other end users of these BoA Accused Products then directly infringe the '036 patent by making or using, without NantWorks' authority, the BoA Accused Products.

128.   On information and belief, BoA knows that the BoA Accused Products are especially made or especially adapted for use in the infringement of the '036 patent. The infringing components of these products are not staple articles or commodities of commerce suitable for substantial noninfringing use, and the infringing components of these products are a material part of the invention of the '036 patent. Accordingly, in violation of 35 U.S.C. § 271(c), BoA is also contributing to the direct infringement of the '036 patent by at least its customers and/or end users of these BoA Accused Products. The customers and/or end users of these BoA Accused Products directly infringe the '036 patent by making or using, without NantWorks' authority, the BoA Accused Products.

129.   As a result of BoA's infringement of the '036 patent, NantWorks has suffered, and will continue to suffer, substantial damages. Accordingly, BoA is liable to NantWorks for damages adequate to compensate for BoA's acts of infringement, in an amount to be proved at trial but in no event less than a reasonable royalty for the use made of NantWorks' invention by BoA under 35 U.S.C. § 284.

130.   In addition, BoA's acts of infringement have caused NantWorks irreparable harm that is not compensable by monetary damages.  The hardships that an injunction would impose are less than those faced by NantWorks should an injunction not issue. The public interest would be served by issuance of an injunction.

---

[14]  *See, e.g.*, https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/;
https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/;
https://promo.bankofamerica.com/mobile-check-deposit/

Thus, NantWorks is entitled to a preliminary and a permanent injunction against further infringement. Therefore NantWorks is entitled to injunctive relief under 35 U.S.C. § 283.

131.   BoA's acts of infringement constitute willful, egregious misconduct, and consequently NantWorks is entitled to a discretionary increase of its damages award up to three times the amount found or assessed, costs, and attorney's fees under 35 U.S.C. § 284.

132.   Based on the foregoing facts, NantWorks requests that this Court declare this an exceptional case, and award Plaintiffs their costs and attorney's fees under 35 U.S.C. § 285.

## COUNT VI:

## Infringement of United States Patent No. 8,520,897

133.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

134.   In violation of 35 U.S.C. § 271, BoA has infringed and is currently infringing, directly and/or through intermediaries, the '897 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the BoA Accused Products that practice at least claim 25 of the '897 patent.  The BoA Accused Products meet each and every element this claim.  BoA has infringed and is currently infringing this claim literally and/or under the doctrine of equivalents.

135.   Exemplary claim 25 of the '897 patent states:

25. A method of conducting a transaction with an interactive system, the method comprising

providing access to a device having a display;

displaying a displayed image on the display of the device;

presenting the displayed image proximate to an optical sensor; and

enabling, via the interactive system, identification of features from the displayed image, recognition of a target based on the features, association of

the target with target information pertinent to the target, and performance of a transaction based on the target information.

136.    The BoA Accused Products operate, in part, on a BoA customer's mobile device, such as a mobile phone or tablet.  The BoA Accused Products operate to capture video and image data of a check that the customer wishes to deposit using a camera associated with the mobile device, as exemplified in the images below.





https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

137.    On information and belief, the BoA Accused Products operate to identify

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

an object within the captured video/image data and distinguish the object present in the video/image from others based on features of the object in the captured video/image.  For example, on information and belief, the BoA Accused Products identify and distinguish the specific type of the check, as described in the below image, as well as components thereof, such as writing, signatures, and alphanumeric characters.



What types of checks are accepted with Mobile Check Deposit?

We only accept checks from a U.S. financial institution, in U.S. dollars.[3] The following items are eligible for mobile deposit:

- Personal checks
- Business checks
- Government/treasury checks
- Cashier's checks

Please visit a financial center to deposit the following items which are currently not accepted via mobile deposit:

- U.S. savings bonds
- Checks from foreign banks
- Money orders
- Traveler's checks
- Image Replacement Documents (IRDs)
- Third-party checks
- Checks not payable in U.S. dollars

https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

138.   BoA's Accused Products perform validation and verification of the captured check image and perform a check deposit transaction with the BoA customer's checking account, as described in the image below.



When will my funds be available?

Deposits are subject to verification and funds will not be available immediately. Once the deposit has been received, you'll be able to view the pending transaction online or on your phone. Checks received by the applicable cutoff time on a business day are usually available in your account the next business day.

https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

139.   On information and belief, BoA's Accused Products associate identified objects from the captured check image with relevant information associated with the captured check, including, for example, information concerning monetary amount and parties associated with the check, authorization and validity of the check, the date and status of the checking transaction, and a confirmation number.  BoA's Accused Products provide this information to the customer's device, whereon the information

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

is presented to the a user, as exemplified in the images below.



https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

1
2
3
4
5
6
7
8
9
10
11
12



13      140.   On information and belief, BoA has had actual knowledge of its
14  infringement of the '897 patent since no later than the filing date of this Complaint.

15      141.   On information and belief, had actual knowledge of its and its customers'
16  infringement of the '897 patent or was willfully blind thereto as of the issue date of
17  the '897 patent.  For example:

18      •   NantWorks and BoA collaborated closely as part of BoA's evaluation of
19          NantWorks' computer image recognition technologies.

20      •   As part of their relationship, NantWorks made BoA aware of
21          NantWorks' patent portfolio covering computer image recognition and
22          processing.

23      •   BoA's patent applications cite numerous NantWorks patent publications
24          in the prosecution family of the '897 patent.

25      •   BoA directly and wrongfully appropriated and incorporated NantWorks'
26          confidential image recognition and processing technology into BoA's
27          mobile check deposit software.  On information and belief, BoA knew
28          or had reason to know that NantWorks owned patent rights covering the

appropriated technology or that NantWorks would attain patent rights covering those technologies.

142.    Notwithstanding BoA's actual notice of infringement, BoA has provided and continues to provide the BoA Accused Products to its customers that make or use the BoA Accused Products with knowledge of or willful blindness to the fact that its actions will induce others, including those customers, to directly infringe the '897 patent.  BoA induces others including its customers to infringe the '897 patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to perform actions that BoA knows to be acts of infringement of the '897 patent with intent that those performing the acts infringe the '897 patent, or with willful blindness to such facts.  On information and belief, BoA, directly and/or through intermediaries, advertises and distributes the BoA Accused Products, publishes instruction materials, specifications and promotional literature describing the operation of the BoA Accused Products, and offers technical assistance, training, and/or consulting services regarding the BoA Accused Products to its customers.[15] At least BoA's customers and other end users of these BoA Accused Products then directly infringe the '897 patent by making or using, without NantWorks' authority, the BoA Accused Products.

143.    On information and belief, BoA knows that the BoA Accused Products are especially made or especially adapted for use in the infringement of the '897 patent. The infringing components of these products are not staple articles or commodities of commerce suitable for substantial noninfringing use, and the infringing components of these products are a material part of the invention of the '897 patent. Accordingly, in violation of 35 U.S.C. § 271(c), BoA is also contributing to the direct infringement of the '897 patent by at least its customers and/or end users

---

[15]    *See, e.g.*, https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/;
https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/;
https://promo.bankofamerica.com/mobile-check-deposit/

Case No.: 2:20-cv-7872
COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

of these BoA Accused Products. The customers and/or end of these BoA Accused Products directly infringe the '897 patent by making or using, without NantWorks' authority, the BoA Accused Products.

144.   As a result of BoA's infringement of the '897 patent, NantWorks has suffered, and will continue to suffer, substantial damages. Accordingly, BoA is liable to NantWorks for damages adequate to compensate for BoA's acts of infringement, in an amount to be proved at trial but in no event less than a reasonable royalty for the use made of NantWorks' invention by BoA under 35 U.S.C. § 284.

145.   In addition, BoA's acts of infringement have caused NantWorks irreparable harm that is not compensable by monetary damages.  The hardships that an injunction would impose are less than those faced by NantWorks should an injunction not issue. The public interest would be served by issuance of an injunction. Thus, NantWorks is entitled to a preliminary and a permanent injunction against further infringement. Therefore NantWorks is entitled to injunctive relief under 35 U.S.C. § 283.

146.   BoA's acts of infringement constitute willful, egregious misconduct, and consequently NantWorks is entitled to a discretionary increase of its damages award up to three times the amount found or assessed, costs, and attorney's fees under 35 U.S.C. § 284.

147.   Based on the foregoing facts, NantWorks requests that this Court declare this an exceptional case, and award Plaintiffs their costs and attorney's fees under 35 U.S.C. § 285.

## COUNT VII:

## Infringement of United States Patent No. 9,031,278

148.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

149.   In violation of 35 U.S.C. § 271, BoA has infringed and is currently infringing, directly and/or through intermediaries, the '278 patent by making, using,

selling, offering for sale, and/or importing into the United States, without authority, the BoA Accused Products that practice at least claim 1 of the '278 patent.  The BoA Accused Products meet each and every element this claim.  BoA has infringed and is currently infringing this claim literally and/or under the doctrine of equivalents.

150.   Exemplary claim 1 of the '278 patent states:

1. A computer-assisted method, comprising:

receiving, via a mobile device, an image comprising a representation of at least a portion of a document;

determining that symbolic content is on the at least the portion of the document based on the image;

extracting symbol information based on the symbolic content according to symbol type;

determining a validity of the document based at least in part on the image and the symbol information; and

recognizing the document as a first target object based at least in part on the image, the symbol information, and a query of a database storing target object information associated with a plurality of target objects including the first target object;

receiving, via an address, first target object information associated with the first target object, wherein the first target object information comprises a response regarding the validity of the document.

151.   The BoA Accused Products operate, in part, on a BoA customer's mobile device, such as a mobile phone or tablet.  The BoA Accused Products operate to capture video and image data of a check that the customer wishes to deposit using a camera associated with the mobile device, as exemplified in the images below.





https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

152.    On information and belief, the BoA Accused Products operate to identify an object within the captured video/image data and distinguish the object present in the video/image from others based on features of the object in the captured video/image.   For example, on information and belief, the BoA Accused Products identify and distinguish the specific type of the check, as described in the below image, as well as components thereof, such as writing, signatures, and alphanumeric characters.

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

153.   BoA's Accused Products perform validation and verification of the captured check image and perform a check deposit transaction with the BoA customer's checking account, as described in the image below.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

154.   On information and belief, BoA's Accused Products associate identified objects from the captured check image with relevant information associated with the captured check, including, for example, information concerning monetary amount and parties associated with the check, authorization and validity of the check, the date and status of the checking transaction, and a confirmation number.   BoA's Accused Products provide this information to the customer's device, whereon the information is presented to the a user, as exemplified in the images below.

1

2

3

4

5

6

7

8

9

10

11

12

13



14    https://www.bankofamerica.com/online-banking/mobile-and-online-banking-

15  features/mobile-check-deposit/

16

17

18

19

20

21

22

23

24

25

26

27

28



COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

155. On information and belief, BoA has had actual knowledge of its infringement of the ’278 patent since no later than the filing date of this Complaint.

156. On information and belief, had actual knowledge of its and its customers’ infringement of the ’278 patent or was willfully blind thereto as of the issue date of the ’278 patent. For example:

- NantWorks and BoA collaborated closely as part of BoA’s evaluation of NantWorks’ computer image recognition technologies.
- As part of their relationship, NantWorks made BoA aware of NantWorks’ patent portfolio covering computer image recognition and processing.
- BoA’s patent applications cite numerous NantWorks patent publications in the prosecution family of the ’278 patent.
- BoA directly and wrongfully appropriated and incorporated NantWorks’ confidential image recognition and processing technology into BoA’s mobile check deposit software. On information and belief, BoA knew or had reason to know that NantWorks owned patent rights covering the appropriated technology or that NantWorks would attain patent rights covering those technologies.

157. Notwithstanding BoA’s actual notice of infringement, BoA has provided and continues to provide the BoA Accused Products to its customers that make or use the BoA Accused Products with knowledge of or willful blindness to the fact that its actions will induce others, including those customers, to directly infringe the ’278 patent. BoA induces others including its customers to infringe the ’278 patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to perform actions that BoA knows to be acts of infringement of the ’278 patent with intent that those performing the acts infringe the ’278 patent, or with willful blindness to such facts. On information and belief, BoA, directly and/or through intermediaries, advertises and distributes the BoA Accused Products, publishes instruction materials,

specifications and promotional literature describing the operation of the BoA Accused Products, and offers technical assistance, training, and/or consulting services regarding the BoA Accused Products to its customers.[16] At least BoA's customers and other end users of these BoA Accused Products then directly infringe the '278 patent by making or using, without NantWorks' authority, the BoA Accused Products.

158.   On information and belief, BoA knows that the BoA Accused Products are especially made or especially adapted for use in the infringement of the '278 patent. The infringing components of these products are not staple articles or commodities of commerce suitable for substantial noninfringing use, and the infringing components of these products are a material part of the invention of the '278 patent. Accordingly, in violation of 35 U.S.C. § 271(c), BoA is also contributing to the direct infringement of the '278 patent by at least its customers and/or end users of these BoA Accused Products. The customers and/or end users of these BoA Accused Products directly infringe the '278 patent by making or using, without NantWorks' authority, the BoA Accused Products.

159.   As a result of BoA's infringement of the '278 patent, NantWorks has suffered, and will continue to suffer, substantial damages. Accordingly, BoA is liable to NantWorks for damages adequate to compensate for BoA's acts of infringement, in an amount to be proved at trial but in no event less than a reasonable royalty for the use made of NantWorks' invention by BoA under 35 U.S.C. § 284.

160.   In addition, BoA's acts of infringement have caused NantWorks irreparable harm that is not compensable by monetary damages.  The hardships that an injunction would impose are less than those faced by NantWorks should an injunction not issue. The public interest would be served by issuance of an injunction.

---

[16]  *See, e.g.*, https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/;
https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/;
https://promo.bankofamerica.com/mobile-check-deposit/

Thus, NantWorks is entitled to a preliminary and a permanent injunction against further infringement. Therefore NantWorks is entitled to injunctive relief under 35 U.S.C. § 283.

161.   BoA's acts of infringement constitute willful, egregious misconduct, and consequently NantWorks is entitled to a discretionary increase of its damages award up to three times the amount found or assessed, costs, and attorney's fees under 35 U.S.C. § 284.

162.   Based on the foregoing facts, NantWorks requests that this Court declare this an exceptional case, and award Plaintiffs their costs and attorney's fees under 35 U.S.C. § 285.

## COUNT VIII:

## Infringement of United States Patent No. 9,324,004

163.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

164.   In violation of 35 U.S.C. § 271, BoA has infringed and is currently infringing, directly and/or through intermediaries, the '004 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, the BoA Accused Products that practice at least claim 1 of the '004 patent.  The BoA Accused Products meet each and every element this claim.  BoA has infringed and is currently infringing this claim literally and/or under the doctrine of equivalents.

165.   Exemplary claim 1 of the '004 patent states:

1. A method for processing a video stream, comprising:

analyzing, via a mobile device, a scene represented by the video stream for at least one object;

deriving at least one characteristic of the video stream;

recognizing the at least one object in the scene as a target object based at least in part on the at least one characteristic of the video stream;

1    providing an indication upon recognizing the at least one object as the

2    target object; and

3    presenting to a user, via an address, content information associated with

4    the target object.

5    166.   The BoA Accused Products operate, in part, on a BoA customer's mobile

6    device, such as a mobile phone or tablet.   The BoA Accused Products operate to

7    capture video and image data of a check that the customer wishes to deposit using a

8    camera associated with the mobile device, as exemplified in the images below.





https://www.bankofamerica.com/online-banking/mobile-and-online-banking-

Case No.: 2:20-cv-7872

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

features/mobile-check-deposit/

167.  On information and belief, the BoA Accused Products operate to identify an object within the captured video/image data and distinguish the object present in the video/image from others based on features of the object in the captured video/image.  For example, on information and belief, the BoA Accused Products identify and distinguish the specific type of the check, as described in the below image, as well as components thereof, such as writing, signatures, and alphanumeric characters.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

168.  BoA's Accused Products perform validation and verification of the captured check image and perform a check deposit transaction with the BoA customer's checking account, as described in the image below.



https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/

169.  On information and belief, BoA's Accused Products associate identified objects from the captured check image with relevant information associated with the captured check, including, for example, information concerning monetary amount and parties associated with the check, authorization and validity of the check, the date and

-64-

status of the checking transaction, and a confirmation number.   BoA's Accused Products provide this information to the customer's device, whereon the information is presented to the a user, as exemplified in the images below.



https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

170.   On information and belief, BoA has had actual knowledge of its infringement of the '004 patent since no later than the filing date of this Complaint.

171.   On information and belief, had actual knowledge of its and its customers' infringement of the '004 patent or was willfully blind thereto as of the issue date of the '004 patent.  For example:

- NantWorks and BoA collaborated closely as part of BoA's evaluation of NantWorks' computer image recognition technologies.

- As part of their relationship, NantWorks made BoA aware of NantWorks' patent portfolio covering computer image recognition and processing.

- BoA's patent applications cite numerous NantWorks patent publications in the prosecution family of the '004 patent.

- BoA directly and wrongfully appropriated and incorporated NantWorks' confidential image recognition and processing technology into BoA's mobile check deposit software.  On information and belief, BoA knew or had reason to know that NantWorks owned patent rights covering the

Case No.: 2:20-cv-7872
COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

appropriated technology or that NantWorks would attain patent rights covering those technologies.

172.   Notwithstanding BoA's actual notice of infringement, BoA has provided and continues to provide the BoA Accused Products to its customers that make or use the BoA Accused Products with knowledge of or willful blindness to the fact that its actions will induce others, including those customers, to directly infringe the '004 patent.   BoA induces others including its customers to infringe the '004 patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to perform actions that BoA knows to be acts of infringement of the '004 patent with intent that those performing the acts infringe the '004 patent, or with willful blindness to such facts.   On information and belief, BoA, directly and/or through intermediaries, advertises and distributes the BoA Accused Products, publishes instruction materials, specifications and promotional literature describing the operation of the BoA Accused Products, and offers technical assistance, training, and/or consulting services regarding the BoA Accused Products to its customers.[17] At least BoA's customers and other end users of these BoA Accused Products then directly infringe the '004 patent by making or using, without NantWorks' authority, the BoA Accused Products.

173.   On information and belief, BoA knows that the BoA Accused Products are especially made or especially adapted for use in the infringement of the '004 patent. The infringing components of these products are not staple articles or commodities of commerce suitable for substantial noninfringing use, and the infringing components of these products are a material part of the invention of the '004 patent. Accordingly, in violation of 35 U.S.C. § 271(c), BoA is also contributing to the direct infringement of the '004 patent by at least its customers and/or end users

---

[17]   *See, e.g.*, https://www.bankofamerica.com/online-banking/mobile-and-online-banking-features/mobile-check-deposit/;
https://www.bankofamerica.com/online-banking/mobile-check-deposit-faqs/;
https://promo.bankofamerica.com/mobile-check-deposit/

of these BoA Accused Products. The customers and/or end users of these BoA Accused Products directly infringe the '004 patent by making or using, without NantWorks' authority, the BoA Accused Products.

174.   As a result of BoA's infringement of the '004 patent, NantWorks has suffered, and will continue to suffer, substantial damages. Accordingly, BoA is liable to NantWorks for damages adequate to compensate for BoA's acts of infringement, in an amount to be proved at trial but in no event less than a reasonable royalty for the use made of NantWorks' invention by BoA under 35 U.S.C. § 284.

175.   In addition, BoA's acts of infringement have caused NantWorks irreparable harm that is not compensable by monetary damages.  The hardships that an injunction would impose are less than those faced by NantWorks should an injunction not issue. The public interest would be served by issuance of an injunction. Thus, NantWorks is entitled to a preliminary and a permanent injunction against further infringement. Therefore NantWorks is entitled to injunctive relief under 35 U.S.C. § 283.

176.   BoA's acts of infringement constitute willful, egregious misconduct, and consequently NantWorks is entitled to a discretionary increase of its damages award up to three times the amount found or assessed, costs, and attorney's fees under 35 U.S.C. § 284.

177.   Based on the foregoing facts, NantWorks requests that this Court declare this an exceptional case, and award Plaintiffs their costs and attorney's fees under 35 U.S.C. § 285.

## COUNT IX:

## Copyright Infringement

178.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

179.   NantWorks source code, object code, and libraries for the mobile check deposit software it created ("Advanced Mobile Deposit Software") are original

literary works of authorship by NantWorks employed programmers.

180.   NantWorks' Advanced Mobile Deposit Software was fixed in a tangible medium of expression when it was stored in non-volatile computer memory and/or media such as computer hard drives, CD, CD-R, DVD, or Blu-ray disks from which it may be perceived, reproduced, or otherwise communicated for a period of more than transitory duration.   Accordingly, NantWorks' Advanced Mobile Deposit Software underlying code is a proper subject of copyright protection within the meaning of 17 U.S.C. § 102.

181.   NantWorks owns and has a valid copyright in the NantWorks' Advanced Mobile Deposit Software.   A copy of the record of registration, Copyright Registration No. TX0008852717, is attached as Exhibit I.

182.   BoA had access to portions of NantWorks' Advanced Mobile Deposit Software through its collaboration with NantWorks.   During this collaboration, BoA was provided with multiple versions of NantWorks' Advanced Mobile Deposit Software pursuant to its agreements with NantWorks.

183.   On information and belief, BoA utilized NantWorks' Advanced Mobile Deposit Software provided to BoA in mobile check deposit features in their mobile application, including but not limited to, implementation of the NantWorks' Advanced Mobile Deposit Software source code and/or algorithms derived from the source code in the source code underlying BoA's mobile check deposit solution in its Bank of America Mobile Banking application.

184.   On information and belief, BoA has copied, publicly displayed, and distributed products (including versions of its Bank of America Mobile Banking application) derived from NantWorks' Advanced Mobile Deposit Software in whole or in part, and will continue to do so.

185.   BoA's products, such as versions of its Bank of America Mobile Banking application, are substantially similar to the protected elements of NantWorks' Advanced Mobile Deposit Software.

186.   BoA has no license or any other form of permission to commercially copy, sell, license or distribute NantWorks' Advanced Mobile Deposit Software.

187.   On information and belief, users of BoA's mobile application must have obtained and used copyrightable portions of NantWorks' Advanced Mobile Deposit Software or works derived therefrom to use the mobile check deposit feature in versions of BoA's Bank of America Mobile Banking application. BoA has thus induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to use, copy, publically display, and distribute NantWorks' Advanced Mobile Deposit Software, and works derived therefrom.

188.   On information and belief, BoA's acts of direct, contributory, and/or vicarious copyright infringement are willful, deliberate, and in utter disregard of NantWorks' copyrights, pursuant to the Copyright Act, 17 U.S.C. § 504.

189.   BoA's acts of direct, contributory, and/or vicarious copyright infringement have caused and will continue to cause damage to NantWorks in an amount to be determined at trial.

## COUNT X:
## Violation of the Defend Trade Secrets Act

190.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

191.   The actions of BoA as described above constitute violations of one or more provisions of the Defend Trade Secrets Act of 2016 ("DTSA"), PL 114-153, May 11, 2016, 130 Stat 376, which amends the Economic Espionage Act, 18 U.S.C. § 1831 *et seq*.

192.   NantWorks is the owner of trade secrets relating to digital image recognition and processing systems. NantWorks' trade secrets include proprietary algorithms and information relating to digital image recognition and processing systems, embodied, described and performed in software, documentation, and code,

including but not limited to any version of NantWorks' Advanced Mobile Deposit Software.

193.   NantWorks' trade secrets constitute independent economic value and are not generally known or readily ascertainable.

194.   At all times, NantWorks has taken reasonable efforts to keep its trade secrets secret through the use of non-disclosure and confidentiality agreements, employment agreements, employee training, limiting employee access, and password protection and encryption.

195.   BoA acquired Plaintiff's trade secrets through a relationship of trust and by way of an April 2010 non-disclosure agreement, the parties' 2011 Collaboration Agreement, and a May 2013 non-disclosure agreement (collectively "NantWorks/BoA Agreements"), which imposed a duty upon BoA to maintain the confidentiality of NantWorks' confidential information and trade secrets and to not improperly use and/or disclose confidential information and trade secrets belonging to NantWorks.   At all relevant times, BoA knew about the confidential nature of NantWorks' trade secrets.

196.   BoA misappropriated NantWorks' trade secrets by improper means in violation of the NantWorks/BoA Agreements by using them and continuing to use them for their own economic benefit.   On information and belief, BoA used NantWorks' trade secrets to inform the development of and implement features developed by NantWorks into BoA's mobile banking software.

197.   BoA has intentionally, willfully and maliciously misused trade secrets and/or confidential or proprietary information or knowledge of NantWorks, and continues to do so, in violation of a confidential relationship.

198.   As a consequence of the foregoing, NantWorks has suffered and will continue to suffer irreparable harm and loss.

## COUNT XI:

## Misappropriation of Trade Secrets Under California Law

199.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

200.   The actions of BoA as described above constitute violations of one or more provisions of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426, *et seq*.

201.   NantWorks is the owner of trade secrets relating to digital image recognition and processing systems.  NantWorks' trade secrets include proprietary algorithms and information relating to digital image recognition and processing systems, embodied, described and performed in software, documentation, and code, including but not limited to any version of NantWorks' Advanced Mobile Deposit Software.

202.   NantWorks' trade secrets constitute independent economic value and are not generally known or readily ascertainable.

203.   At all times, NantWorks has taken reasonable efforts to keep its trade secrets secret through the use of non-disclosure and confidentiality agreements, employment agreements, employee training, limiting employee access, and password protection and encryption.

204.   BoA acquired Nantworks' trade secrets through a relationship of trust and by way of the NantWorks/BoA Agreements, which imposed a duty upon BoA to maintain the confidentiality of NantWorks' confidential information and trade secrets and to not improperly use and/or disclose confidential information and trade secrets belonging to NantWorks. At all relevant times, BoA knew about the confidential nature of NantWorks' trade secrets.

205.   BoA misappropriated NantWorks' trade secrets by improper means in violation of the NantWorks/BoA Agreements by using them and continuing to use them for their own economic benefit.   On information and belief, BoA used

NantWorks' trade secrets to inform the development of and implement features developed by NantWorks into BoA's mobile banking software.

206.   BoA has intentionally, willfully and maliciously misused trade secrets and/or confidential or proprietary information or knowledge of NantWorks, and continues to do so, in violation of a confidential relationship.

207.   As a consequence of the foregoing, NantWorks has suffered and will continue to suffer irreparable harm and loss.

## COUNT XII:

## Breach of Contract under New York and California Law

208.   NantWorks re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

209.   Beginning in 2010, NantWorks entered into the NantWorks/BoA Agreements with BoA for the limited purpose of potentially assisting with the development of the mobile checking deposit application that BoA was building for commercial use.

210.   Under the NantWorks/BoA Agreements, the parties agreed that any trade secrets or other confidential information shall remain the property of the originating party.  BoA had a duty to use care to prevent disclosure, publication or dissemination of NantWorks' confidential information and to use this confidential information only for the purposes of evaluating the proposed business venture.

211.   Under the protection of the NantWorks/BoA Agreements, NantWorks disclosed trade secrets and other confidential information to BoA.

212.   BoA breached the NantWorks/BoA Agreements by using and/or disclosing Plaintiff's trade secrets and other confidential information for its own benefit in a manner not permitted by the NantWorks/BoA Agreements.

213.   Upon information and belief, BoA used NantWorks' trade secrets and confidential information in BoA's mobile check deposit software in a manner not permitted by the NantWorks/BoA Agreements.

214.   As a result of the BoA's breach, NantWorks has suffered damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, NantWorks respectfully requests:

A.   That Judgment be entered that:

    a.   BoA has infringed one or more claims of the Asserted Patents, directly and indirectly, literally and/or under the doctrine of equivalents;

        b.   BoA has infringed NantWorks' copyright rights;

        c.   BoA has misappropriated NantWorks' protected trade secrets;

        d.   BoA has breached their contractual obligations to NantWorks.

B.   That, in accordance with 35 U.S.C. § 283, BoA, and all of their affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing the Asserted Patents and (2) making, using, selling, and offering for sale the mobile check deposit feature of the Bank of America Mobile Banking  application and/or backend servers enabling the accused functionality of such application;

C.   An order directing BoA to file with the Court and serve upon NantWorks' counsel within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which BoA has complied with the injunction, including the provision relating to destruction and recall of infringing products and materials;

D.   An award of damages sufficient to compensate NantWorks for BoA's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of BoA's willful infringement;

E.   That the case be found exceptional under 35 U.S.C. § 285 and that NantWorks be awarded its reasonable attorneys' fees;

F.   Costs and expenses in this action;

1     G.     An award of prejudgment and post-judgment interest; and

2     H.     Such other and further relief as the Court may deem just and proper.

3

4   DATED:  August 27, 2020      QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP
5

6

7                       By  */s/ Kevin P.B. Johnson*
8                          Kevin P.B. Johnson
9                          Todd Briggs
                          QUINN EMANUEL URQUHART
10                             & SULLIVAN LLP
11                          555 Twin Dolphin Dr., 5th Floor
                          Redwood Shores, California 94065
12                          Tel.:  (650) 801-5000
13                          Fax:  (650) 801-5100

14                          Attorneys for Plaintiff
15                          NANTWORKS, LLC and NANT
                          HOLDINGS IP, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

1

## DEMAND FOR JURY TRIAL

2
3

        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NantWorks respectfully demands a trial by jury on all issues triable by jury.

4

5
6

DATED:  August 27, 2020            QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP

7

8

                                   By  /s/ Kevin P.B. Johnson

9                                      Kevin P.B. Johnson
10                                     Todd Briggs
                                       QUINN EMANUEL URQUHART
11                                        & SULLIVAN LLP
12                                     555 Twin Dolphin Dr., 5th Floor
                                       Redwood Shores, California 94065
13                                     Tel.:  (650) 801-5000
                                       Fax:  (650) 801-5100
14

15                                     Attorneys for Plaintiff
16                                     NANTWORKS, LLC and NANT
                                       HOLDINGS IP, LLC
17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 2:20-cv-7872
COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT,
TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT

## <u>ATTESTATION</u>

I, Todd Briggs, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-4, I hereby attest that Kevin Johnson has concurred in the filing of the above document.


<div align="center">

*/s/ Todd Briggs*

Todd Briggs

</div>

COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, AND BREACH OF CONTRACT