1   George C. Lombardi (*pro hac vice*)
    glombardi@winston.com
2   WINSTON & STRAWN LLP
    35 West Wacker Drive
3   Chicago, IL 60601-9703
    Telephone:   (312) 558-5600
4   Facsimile:    (312) 558-5700

5   E. Danielle T. Williams (*pro hac vice*)      Dustin J. Edwards (*pro hac vice*)
    dwilliams@winston.com                         dedwards@winston.com
6   WINSTON & STRAWN LLP                          WINSTON & STRAWN LLP
    300 South Tryon Street, 16th Floor            800 Capital St., Suite 2400
7   Charlotte, NC 28202                           Houston, TX 77002-2925
    Telephone:  (704) 350-7700                    Telephone:  (713) 651-2600
8   Facsimile:   (704) 350-7800                   Facsimile:   (713) 651-2700

9   Michael S. Elkin (*pro hac vice*)             Michael A. Tomasulo (SBN: 179389)
    melkin@winston.com                            mtomasulo@winston.com
10  WINSTON & STRAWN LLP                          WINSTON & STRAWN LLP
    200 Park Avenue                               333 S. Grand Avenue, 38th Floor
11  New York, NY 10166                            Los Angeles, CA 90071-1543
    Telephone: (212) 294-6700                     Telephone:  (213) 615-1700
12  Facsimile: (212) 294-4700                     Facsimile:   (213) 615-1750

13
14  *Attorneys for Defendants*
    BANK OF AMERICA CORPORATION AND
15  BANK OF AMERICA, N.A.

16                **UNITED STATES DISTRICT COURT**

17            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19  NANTWORKS, LLC, a Delaware limited liability company, and NANT HOLDINGS IP, LLC, a Delaware limited liability company, | **Case No. 2:20-cv-07872-GW-PVC** |
| 20 21 | |
| 22          Plaintiffs and Counter-Defendants, | **DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| 23          vs. | |
| 24  BANK OF AMERICA CORPORATION a Delaware corporation, and BANK OF AMERICA, N.A., a national banking association, | **JURY DEMAND** |
| 25 26 | Complaint Filed:  8/27/2020 |
| 27          Defendants and Counter-Plaintiffs. | |
| 28 | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Bank of America Corporation ("BAC") and Bank of America, N.A. ("BANA") (together "Defendants") hereby submit their Answer to Plaintiffs Nantworks, LLC and Nant Holdings IP, LLC's (together "NantWorks") First Amended Complaint ("FAC") in the above-captioned matter by admitting, denying, and alleging as follows:

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 1:

1.      On information and belief, Defendants admit the allegations set forth in Paragraph 1.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 2:

2.      On information and belief, Defendants admit the allegations set forth in Paragraph 2.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 3:

3.      Defendants admit the allegations in Paragraph 3.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 4:

4.      Defendants admit that Bank of America, N.A. is a federally chartered national banking association organized and existing under the laws of the United States and an indirect wholly owned subsidiary of Bank of America Corporation with its principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, NC 28255. Except as admitted, the allegations in Paragraph 4 are denied.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 5:

5.      Defendants admit that this action purports to assert claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Defendants deny that Defendants have committed any acts of patent infringement in the United States or anywhere else and that NantWorks is entitled to any relief against Defendants, including the relief requested in the FAC. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 5.

1  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 6:***

2      6.      Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright

3  claim, no response is required to Paragraph 6.

4  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 7:***

5      7.      Defendants admit that this action purports to assert claims for trade secret

6  misappropriation arising under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836

7  *et seq.*  Defendants deny that Defendants have committed any acts of trade secret

8  misappropriation in the United States or anywhere else and that NantWorks is entitled

9  to any relief against Defendants, including the relief requested in the FAC. Except as

10  expressly admitted, Defendants deny all remaining allegations in Paragraph 7.

11  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 8:***

12      8.      Defendants admit that this Court has subject matter jurisdiction over patent

13  law claims and claims under the Defend Trade Secrets Act of 2016. Except as expressly

14  admitted, Defendants deny all remaining allegations in Paragraph 8.

15  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 9:***

16      9.      Defendants admit that 28 U.S.C. § 1367(a) may apply to any state law

17  claims. Except as expressly admitted, Defendants deny all remaining allegations in

18  Paragraph 9.

19  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 10:***

20      10.      NantWorks's statements regarding personal jurisdiction in Paragraph 10

21  are legal conclusions to which no response is required.  Defendants deny that they have

22  committed any acts of infringement or misappropriation within this judicial district, the

23  State of California, or elsewhere in the United States. BANA admits that it operates

24  bank branches and ATMs in this judicial district and in the State of California. BANA

25  admits that it has customers who reside in this judicial district and in the State of

26  California, and these customers may elect to use bank branches, ATMs, online banking,

27  and mobile banking. BAC denies it is a proper party to this litigation because it is a

28  holding company that provides no banking services or products, other than through its

DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.'s
ANSWER TO FIRST AMENDED COMPLAINT

subsidiaries.  Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 10.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 11:

11.   Defendants deny that they have committed any acts of infringement within this judicial district, the State of California, or elsewhere in the United States. BANA admits that it has customers who reside in this judicial district and in the State of California, and these customers may elect to use mobile banking, including mobile check deposit. BAC denies that it is a proper party to this litigation because it is a holding company that provides no banking services or products, other than through its subsidiaries.  Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 11.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 12:

12.   NantWorks's statement regarding venue in Paragraph 12 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that they have committed any acts of infringement within this judicial district, the State of California, or elsewhere in the United States. While Defendants do not contest that venue is proper in this judicial district, venue is not convenient for Defendants and their witnesses, and Defendants reserve the right to seek transfer pursuant to 28 U.S.C. § 1404. Defendants deny the remaining allegations in Paragraph 12.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 13:

13.   The allegations of Paragraph 13 constitute characterizations of NantWorks's FAC to which no response is required.  To the extent a response is required, Defendants deny that they have committed any acts of infringement, unauthorized use, or misappropriation of any technology within this judicial district, the State of California, or elsewhere in the United States. The Defendants deny any remaining allegations of Paragraph 13.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 14:

14.     Defendants admit that Matt Calman saw NantWorks demonstrate technology. Defendants also admit that BANA and NantWorks entered into agreements, which speak for themselves. BAC was not a party to any agreements with NantWorks. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 1, and on that basis deny each and every allegation contained therein. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 14.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 15:***

15.     Defendants respond that the agreements between BANA and NantWorks speak for themselves and refer to those writings for a complete statement of their terms. BAC was not a party to any agreements with NantWorks. Except as expressly admitted, the allegations in Paragraph 15 are denied.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 16:***

16.     The allegations in Paragraph 16 are denied.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 17:***

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis deny each and every allegation contained therein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 18:***

18.     Defendants admit the first iPhone was introduced in 2007. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and footnote 2, and on that basis deny each and every remaining allegation contained therein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 19:***

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis deny each and every allegation contained therein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 20:***

20.     Defendants admit the first iPhone was introduced in 2007. Defendants admit that an article entitled "America's Biggest Banks Are Closing Hundreds of Branches" can be found at: https://www.businessinsider.com/bank-branches-around-the-world-are-shrinking-in-favor-of-digital-models-2016-10, and that article speaks for itself. Defendants admit that Bank of America Corporation held an investor conference call on April 16, 2019 and that at least one third-party posted what purports to be a transcript of the April 16, 2019 earnings call.   Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the transcript referenced in footnote 4, and on that basis deny each and every allegation contained in footnote 4. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 20.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 21:

21.     Defendants admit that Matt Calman saw NantWorks demonstrate technology. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 21.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 22:

22.     Defendants deny the allegations in Paragraph 22.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 23:

23.     Defendants respond that the agreements between BANA and NantWorks speak for themselves and refer to those writings for a complete statement of their terms. BAC did not enter into any agreements with NantWorks. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 23.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 24:

24.     Defendants respond that a collaboration agreement dated October 31, 2011 between BANA and NantWorks speaks for itself and refer to that writing for a complete statement of its terms.  BAC did not enter into any agreements with NantWorks. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 24.

### ANSWER TO PLAINTIFFS' ALLEGATION NO. 25:

25.    Defendants admit that in November 2011, BANA and NantWorks met to discuss next steps under a collaboration agreement, including identifying initial concepts for collaboration. "Advanced Mobile Deposit Capture" was one such concept. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 25.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 26:***

26.    Defendants deny the allegations in Paragraph 26.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 27:***

27.    Defendants deny the allegations in Paragraph 27.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 28:***

28.    Defendants admit that in June 2012 BANA performed testing. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 28.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 29:***

29.    Defendants deny the allegations in Paragraph 29.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 30:***

30.    Defendants admit BANA and NantWorks communicated in 2012, and to the extent those communication were by email, those emails speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 30.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 31:***

31.    Defendants respond that the agreements between BANA and NantWorks speak for themselves and refer to those writings for a complete statement of their terms. BAC did not enter into any agreements with NantWorks. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 31.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 32:***

32.    Defendants deny the allegations in Paragraph 32.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 33:***

33.    Defendants respond that the agreements between BANA and NantWorks speak for themselves and refer to those writings for a complete statement of their terms.

BAC did not enter into any agreements with NantWorks. At all times, BANA has complied with its agreements with NantWorks, and accordingly Defendants deny any allegation they failed to honor their agreements with NantWorks.  Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 33.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 34:***

34.    Defendants deny the allegations in Paragraph 34.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 35:***

35.    Defendants deny the allegations in Paragraph 35.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 36:***

36.    Defendants deny the allegations in Paragraph 36.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 37:***

37.    Defendants deny the allegations in Paragraph 37.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 38:***

38.    Defendants deny the allegations in Paragraph 38.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 39:***

39.    Defendants admit that footnotes 6 through 8 include internet cites to press releases, and those press releases speak for themselves. Defendants admit that Bank of America Corporation held an investor conference call on April 16, 2019 and that at least one third-party posted what purports to be a transcript of the April 16, 2019 earnings call.  Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the transcript referenced in footnote 9, and on that basis deny each and every allegation contained in footnote 9. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 39.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 40:***

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and on that basis deny each and every allegation contained therein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 41:***

1    41.    Defendants admit that according to the face of the document, U.S. Patent

2  No. 7,881,529 (the "'529 patent") issued on February 1, 2011 and is entitled "Data

3  capture and identification system and process."  Defendants further state that Exhibit A

4  speaks for itself, and therefore, no response is required to allegations concerning its

5  contents.  Except as expressly admitted, Defendants deny all remaining allegations in

6  Paragraph 41.

7  **_ANSWER TO PLAINTIFFS' ALLEGATION NO. 42:_**

8    42.    Defendants admit that according to the face of the document, U.S. Patent

9  No. 7,899,252 (the "'252 patent") issued on March 1, 2011 and is entitled "Object

10  information derived from object images."  Defendants further state that Exhibit B

11  speaks for itself, and therefore, no response is required to allegations concerning its

12  contents. Except as expressly admitted, Defendants deny all remaining allegations in

13  Paragraph 42.

14  **_ANSWER TO PLAINTIFFS' ALLEGATION NO. 43:_**

15    43.    Defendants admit that according to the face of the document, U.S. Patent

16  No. 8,326,038 (the "'038 patent") issued on December 4, 2012 and is entitled "Object

17  information derived from object images."  Defendants further state that Exhibit C

18  speaks for itself, and therefore, no response is required to allegations concerning its

19  contents.  Except as expressly admitted, Defendants deny all remaining allegations in

20  Paragraph 43.

21  **_ANSWER TO PLAINTIFFS' ALLEGATION NO. 44:_**

22    44.    Defendants admit that according to the face of the document, U.S. Patent

23  No. 8,463,030 (the "'030 patent") issued on June 11, 2013 and is entitled "Image

24  capture and identification system and process."  Defendants further state that Exhibit D

25  speaks for itself, and therefore, no response is required to allegations concerning its

26  contents.  Except as expressly admitted, Defendants deny all remaining allegations in

27  Paragraph 44.

28  **_ANSWER TO PLAINTIFFS' ALLEGATION NO. 45:_**

45.     Defendants admit that according to the face of the document, U.S. Patent No. 8,478,036 (the "'036 patent") issued on July 2, 2013 and is entitled "Image capture and identification system and process." Defendants further state that Exhibit E speaks for itself, and therefore, no response is required to allegations concerning its contents. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 45.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 46:*

46.     Defendants admit that according to the face of the document, U.S. Patent No. 8,520,897 (the "'897 patent") issued on August 27, 2013 and is entitled "Object information derived from object images." Defendants further state that Exhibit F speaks for itself, and therefore, no response is required to allegations concerning its contents. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 46.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 47:*

47.     Defendants admit that according to the face of the document, U.S. Patent No. 9,031,278 (the "'278 patent") issued on May 12, 2015 and is entitled "Image capture and identification system and process." Defendants further state that Exhibit G speaks for itself, and therefore, no response is required to allegations concerning its contents. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 47.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 48:*

48.     Defendants admit that according to the face of the document, U.S. Patent No. 9,324,004 (the "'004 patent") issued on April 26, 2016 and is entitled "Image capture and identification system and process." Defendants further state that Exhibit H speaks for itself, and therefore, no response is required to allegations concerning its contents. Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 48.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 49:*

49.     Defendants admit that the face of the Asserted Patents identify Wayne C. Boncyk and Ronald H. Cohen as the inventors.  Defendants further state that the Asserted Patents speak for themselves, and therefore, no response is required to allegations concerning their content.  Except as expressly admitted, Defendants deny all remaining allegations in Paragraph 49.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 50:*

50.     Defendants deny the allegations in Paragraph 50.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 51:*

51.     Defendants deny the allegations in Paragraph 51.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 52:*

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and on that basis deny each and every allegation contained therein.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 53:*

53.     Defendants deny the allegations in Paragraph 53.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 54:*

54.     Defendants admit BANA offers Bank of America Mobile Banking, a mobile banking application, to its customers with United States-based consumer checking or savings accounts for download, through which customers may deposit checks. Except as expressly admitted, Defendants deny the allegations in Paragraph 54.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 55:*

55.     Defendants deny the allegations of Paragraph 55.

### *ANSWER TO PLAINTIFFS' ALLEGATION NO. 56:*

56.     Defendants admit BANA and NantWorks exchanged information in November 2011 subject to the agreements between BANA and NantWorks, including the confidentiality provisions. Defendants admit that the '529 and '252 patents are disclosed in an Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 56.

1

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 57:***

2       57.    Defendants lack knowledge or information sufficient to form a belief as to

3   the truth of the allegations contained in Paragraph 57, and on that basis deny each and

4   every allegation contained therein.

5   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 58:***

6       58.    Defendants admit that on July 23, 2018, representatives for NantWorks

7   met with representatives for BANA. Except as expressly admitted, Defendants deny all

8   remaining allegations in Paragraph 58.

9   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 59:***

10       59.    Defendants deny that Defendants have committed any acts of unlawful

11   misappropriation or use of any intellectual property and deny any breach of any

12   contractual obligations. Defendants admit that Nantworks and BANA attended in-

13   person meetings to discuss NantWorks's claims.  Defendants admit that the parties were

14   unable to reach a resolution. Except as expressly admitted, Defendants deny all

15   remaining allegations in Paragraph 59.

16   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 60:***

17       60.    Defendants deny that Defendants have committed any acts of unlawful use

18   of any intellectual property and deny any breach of any contractual obligations.

19   Defendants deny all remaining allegations in Paragraph 60.

20   **COUNT I**

21   **Infringement of United States Patent No. 7,881,529**

22

23   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 61:***

24       61.    Defendants incorporate by reference their responses to each and every

25   allegation contained in all the foregoing paragraphs as if set forth fully herein.

26   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 62:***

27       62.    Defendants deny the allegations of Paragraph 62.

28

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 63:***

63.     Defendants admit that Paragraph 63 accurate quotes claim 1 of the '529 patent.  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 63.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 64:***

64.     Defendants admit that BANA offers Bank of America Mobile Banking, a mobile banking application, to its customers with United States-based consumer checking or savings accounts for download, through which customers may deposit checks.  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 64.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 65:***

65.     Defendants deny the allegations of Paragraph 65.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 66:***

66.     Defendants deny the allegations of Paragraph 66.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 67:***

67.     Defendants deny the allegations of Paragraph 67.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 68:***

68.     Defendants deny the allegations of Paragraph 68.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 69:***

69.     Defendants admit that the '529 and '252 patents are disclosed in an Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 69.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 70:***

70.     Defendants deny the allegations of Paragraph 70, including footnote 10.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 71:***

71.     Defendants deny the allegations of Paragraph 71.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 72:***

72.     Defendants deny the allegations of Paragraph 72.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 73:***

73.    Defendants deny the allegations of Paragraph 73.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 74:***

74.    Defendants deny the allegations of Paragraph 74.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 75:***

75.    Defendants deny the allegations of Paragraph 75.

## COUNT II

## Infringement of United States Patent No. 7,899,252

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 76:***

76.    Defendants incorporate by reference their responses to each and every allegation contained in all the foregoing paragraphs as if set forth fully herein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 77:***

77.    Defendants deny the allegations of Paragraph 77.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 78:***

78.    Defendants admit that Paragraph 78 accurately quotes claim 18 of the '252 patent. Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 78.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 79:***

79.    Defendants admit that BANA offers Bank of America Mobile Banking, a mobile banking application, to its customers with United States-based consumer checking or savings accounts for download, through which customers may deposit checks.  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 79.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 80:***

80.    Defendants deny the allegations of Paragraph 80.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 81:***

81.    Defendants deny the allegations of Paragraph 81.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 82:***

82.     Defendants deny the allegations of Paragraph 82.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 83:***

83.     Defendants deny the allegations of Paragraph 83.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 84:***

84.     Defendants deny the allegations of Paragraph 84.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 85:***

85.     Defendants admit that the '529 and '252 patents are disclosed in an Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 85.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 86:***

86.     Defendants deny the allegations of Paragraph 86.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 87:***

87.     Defendants deny the allegations of Paragraph 87.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 88:***

88.     Defendants deny the allegations of Paragraph 88.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 89:***

89.     Defendants deny the allegations of Paragraph 89.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 90:***

90.     Defendants deny the allegations of Paragraph 90.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 91:***

91.     Defendants deny the allegations of Paragraph 91.

## COUNT III

### Infringement of United States Patent No. 8,326,038

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 92:***

92.     Defendants incorporate by reference their responses to each and every allegation contained in all the foregoing paragraphs as if set forth fully herein.

1    ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 93:***

2        93.    Defendants deny the allegations of Paragraph 93.

3    ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 94:***

4        94.    Defendants admit that Paragraph 94 accurately quotes claim 1 of the '038

5    patent. Except as expressly admitted, Defendants deny all remaining allegations of

6    Paragraph 94.

7    ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 95:***

8        95.    Defendants admit that BANA offers Bank of America Mobile Banking, a

9    mobile banking application, to its customers with United States-based consumer

10   checking or savings accounts for download, through which customers may deposit

11   checks.  Except as expressly admitted, Defendants deny all remaining allegations of

12   Paragraph 95.

13   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 96:***

14       96.    Defendants deny the allegations of Paragraph 96.

15   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 97:***

16       97.    Defendants deny the allegations of Paragraph 97.

17   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 98:***

18       98.    Defendants deny the allegations of Paragraph 98.

19   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 99:***

20       99.    Defendants deny the allegations of Paragraph 99.

21   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 99:***

22       100.   Defendants admit that the '529 and '252 patents are disclosed in an

23   Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted,

24   Defendants deny the remaining allegations of Paragraph 100.

25   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 100:***

26       101.   Defendants deny the allegations of Paragraph 101 and footnote 12.

27   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 101:***

28       102.   Defendants deny the allegations of Paragraph 102.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 102:***

103.   Defendants deny the allegations of Paragraph 103.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 103:***

104.   Defendants deny the allegations of Paragraph 104.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 104:***

105.   Defendants deny the allegations of Paragraph 105.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 105:***

106.   Defendants deny the allegations of Paragraph 106.

## COUNT IV

### Infringement of United States Patent No. 8,463,030

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 106:***

107.   Defendants incorporate by reference their responses to each and every allegation contained in all the foregoing paragraphs as if set forth fully herein

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 107:***

108.   Defendants deny the allegations of Paragraph 108.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 108:***

109.   Defendants admit that Paragraph 109 accurately quotes claim 1 of the '030 patent. Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 109.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 109:***

110.   Defendants admit that BANA offers Bank of America Mobile Banking, a mobile banking application, to its customers with United States-based consumer checking or savings accounts for download, through which customers may deposit checks.  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 110.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 110:***

111.   Defendants deny the allegations of Paragraph 111.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 111:***

112.   Defendants deny the allegations of Paragraph 112.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 112:***

113.   Defendants deny the allegations of Paragraph 113.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 113:***

114.   Defendants deny the allegations of Paragraph 114.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 114:***

115.   Defendants admit that the '529 and '252 patents are disclosed in an Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 115.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 115:***

116.   Defendants deny the allegations of Paragraph 116.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 116:***

117.   Defendants deny the allegations of Paragraph 117.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 117:***

118.   Defendants deny the allegations of Paragraph 118.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 118:***

119.   Defendants deny the allegations of Paragraph 119.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 119:***

120.   Defendants deny the allegations of Paragraph 120.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 120:***

121.   Defendants deny the allegations of Paragraph 121.

## COUNT V

### Infringement of United States Patent No. 8,478,036

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 121:***

122.   Defendants incorporate by reference their responses to each and every allegation contained in all the foregoing paragraphs as if set forth fully herein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 122:***

123.   Defendants deny the allegations of Paragraph 123.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 123:***

124.   Defendants admit that Paragraph 124 accurately quotes claim 1 of the '036 patent. Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 124.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 124:***

125.   Defendants admit that BANA offers Bank of America Mobile Banking, a mobile banking application, to its customers with United States-based consumer checking or savings accounts for download, through which customers may deposit checks.  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 125.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 125:***

126.   Defendants deny the allegations of Paragraph 126.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 126:***

127.   Defendants deny the allegations of Paragraph 127.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 127:***

128.   Defendants deny the allegations of Paragraph 128.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 128:***

129.   Defendants deny the allegations of Paragraph 129.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 129:***

130.   Defendants admit that the '529 and '252 patents are disclosed in an Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 130.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 130:***

131.   Defendants deny the allegations of Paragraph 131.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 131:***

132.   Defendants deny the allegations of Paragraph 132.

1   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 132:***

2       133.   Defendants deny the allegations of Paragraph 133.

3   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 133:***

4       134.   Defendants deny the allegations of Paragraph 134.

5   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 134:***

6       135.   Defendants deny the allegations of Paragraph 135.

7   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 135:***

8       136.   Defendants deny the allegations of Paragraph 136.

9                         **COUNT VI**

10      **Infringement of United States Patent No. 8,520,897**

11  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 136:***

12      137.   Defendants incorporate by reference its responses to each and every

13  allegation contained in all the foregoing paragraphs as if set forth fully herein.

14  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 137:***

15      138.   Defendants deny the allegations of Paragraph 138.

16  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 138:***

17      139.   Defendants admit that Paragraph 139 accurately quotes claim 1 of the '897

18  patent. Except as expressly admitted, Defendants deny all remaining allegations of

19  Paragraph 139.

20  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 139:***

21      140.   Defendants admit that BANA offers Bank of America Mobile Banking, a

22  mobile banking application, to its customers with United States-based consumer

23  checking or savings accounts for download, through which customers may deposit

24  checks.  Except as expressly admitted, Defendants deny all remaining allegations of

25  Paragraph 140.

26  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 140:***

27      141.   Defendants deny the allegations of Paragraph 141.

28

---

19

1    ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 141:***

2        142.   Defendants deny the allegations of Paragraph 142.

3    ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 142:***

4        143.   Defendants deny the allegations of Paragraph 143.

5    ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 143:***

6        144.   Defendants deny the allegations of Paragraph 144.

7    ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 144:***

8        145.   Defendants deny the allegations of Paragraph 145.

9    ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 145:***

10       146.   Defendants admit that the '529 and '252 patents are disclosed in an

11   Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted,

12   Defendants deny the remaining allegations of Paragraph 146.

13   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 146:***

14       147.   Defendants deny the allegations of Paragraph 147.

15   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 147:***

16       148.   Defendants deny the allegations of Paragraph 148.

17   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 148:***

18       149.   Defendants deny the allegations of Paragraph 149.

19   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 149:***

20       150.   Defendants deny the allegations of Paragraph 150.

21   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 150:***

22       151.   Defendants deny the allegations of Paragraph 151.

23   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 151:***

24       152.   Defendants deny the allegations of Paragraph 152.

25                          **COUNT VII**

26         **Infringement of United States Patent No. 9,031,278**

27

28

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 152:***

153.   Defendants incorporate by reference their responses to each and every allegation contained in all the foregoing paragraphs as if set forth fully herein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 153:***

154.   Defendants deny the allegations of Paragraph 154.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 154:***

155.   Defendants admit that Paragraph 155 accurately quotes claim 1 of the '278 patent.  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 155.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 155:***

156.   Defendants admit that BANA offers Bank of America Mobile Banking, a mobile banking application, to its customers with United States-based consumer checking or savings accounts for download, through which customers may deposit checks.  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 156.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 156:***

157.   Defendants deny the allegations of Paragraph 157.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 157:***

158.   Defendants deny the allegations of Paragraph 158.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 158:***

159.   Defendants deny the allegations of Paragraph 159.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 159:***

160.   Defendants deny the allegations of Paragraph 160.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 160:***

161.   Defendants deny the allegations of Paragraph 161.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 161:***

162.   Defendants admit that the '529 and '252 patents are disclosed in an Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted,

Defendants deny the remaining allegations of Paragraph 162.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 162:***

163.   Defendants deny the allegations of Paragraph 163 and footnote 16.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 163:***

164.   Defendants deny the allegations of Paragraph 164.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 164:***

165.   Defendants deny the allegations of Paragraph 165.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 165:***

166.   Defendants deny the allegations of Paragraph 166.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 166:***

167.   Defendants deny the allegations of Paragraph 167.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 167:***

168.   Defendants deny the allegations of Paragraph 168.

## COUNT VIII

### Infringement of United States Patent No. 9,324,004

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 168:***

169.   Defendants incorporate by reference their responses to each and every allegation contained in all the foregoing paragraphs as if set forth fully herein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 169:***

170.   Defendants deny the allegations of Paragraph 170.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 170:***

171.   Defendants admit that Paragraph 171 accurately quotes claim 1 of the '004 patent. Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 171.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 171:***

172.   Defendants admit that BANA offers Bank of America Mobile Banking, a mobile banking application, to its customers with United States-based consumer checking or savings accounts for download, through which customers may deposit

checks.  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 172.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 172:***

173.   Defendants deny the allegations of Paragraph 173.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 173:***

174.   Defendants deny the allegations of Paragraph 174.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 174:***

175.   Defendants deny the allegations of Paragraph 175.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 175:***

176.   Defendants deny the allegations of Paragraph 176.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 176:***

177.   Defendants deny the allegations of Paragraph 177.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 177:***

178.   Defendants admit that the '529 and '252 patents are disclosed in an Information Disclosure Statement dated January 1, 2012.  Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 178.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 178:***

179.   Defendants deny the allegations of Paragraph 179.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 179:***

180.   Defendants deny the allegations of Paragraph 180.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 180:***

181.   Defendants deny the allegations of Paragraph 181.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 181:***

182.   Defendants deny the allegations of Paragraph 182.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 182:***

183.   Defendants deny the allegations of Paragraph 183.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 183:***

184.   Defendants deny the allegations of Paragraph 184.

## COUNT IX

### Copyright Infringement

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 184:***

185. Defendants incorporate by reference their responses to each and every allegation contained in all the foregoing paragraphs as if set forth fully herein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 185:***

186. Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to the allegations of Paragraph 186.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 186:***

187. Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 187.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 187:***

188. Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 188.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 188:***

189. Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 189.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 189:***

190. Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 190.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 190:***

191. Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 191.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 191:***

192. Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 192.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 192:***

193. Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright

claim, no response is required to Paragraph 193.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 193:***

194.   Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 194.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 194:***

195.   Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is require`d to Paragraph 195.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 195:***

196.   Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 196.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 196:***

197.   Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 197.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 197:***

198.   Pursuant to the Court's Order (Dkt. 98) dismissing Plaintiffs' copyright claim, no response is required to Paragraph 198.

<u>**COUNT X**</u>

<u>**Violation of the Defend Trade Secrets Act**</u>

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 198:***

199.   Defendants incorporate by reference their responses to each and every allegation contained in all the foregoing paragraphs as if set forth fully herein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 199:***

200.   Defendants deny the allegations of Paragraph 200.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 200:***

201.   Defendants deny the allegations of Paragraph 201.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 201:***

202.   Defendants deny the allegations of Paragraph 202.

DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.'s
ANSWER TO FIRST AMENDED COMPLAINT

1   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 202:***

2       203.  Defendants lack knowledge or information sufficient to form a belief as

3   to the truth of the allegations contained in Paragraph 203, and on that basis deny each

4   and every allegation contained therein.

5   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 203:***

6       204.  Defendants deny the allegations of Paragraph 204.

7   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 204:***

8       205.  Defendants respond that the agreements between BANA and NantWorks

9   speak for themselves and refer to those writings for a complete statement of their terms.

10   Except as expressly admitted, Defendants deny all remaining allegations of Paragraph

11   205.

12   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 205:***

13       206.  Defendants respond that the agreements between BANA and NantWorks

14   speak for themselves and refer to those writings for a complete statement of their terms.

15   Except as expressly admitted, Defendants deny all remaining allegations of Paragraph

16   206.

17   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 206:***

18       207.  Defendants deny the allegations of Paragraph 207.

19   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 207:***

20       208.  Defendants deny the allegations of Paragraph 208.

21   <u>**COUNT XI**</u>

22   <u>**Misappropriation of Trade Secrets Under California Law**</u>

23   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 208:***

24       209.  Defendants incorporate by reference their responses to each and every

25   allegation contained in all the foregoing paragraphs as if set forth fully herein.

26   ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 209:***

27       210.  Defendants deny the allegations of Paragraph 210.

28

DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.'s
ANSWER TO FIRST AMENDED COMPLAINT

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 210:***

211.   Defendants deny the allegations of Paragraph 211.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 211:***

212.   Defendants deny the allegations of Paragraph 212.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 212:***

213.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213, and on that basis deny each and every allegation contained therein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 213:***

214.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214, and on that basis deny each and every allegation contained therein.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 214:***

215.   Defendants respond that the agreements between BANA and NantWorks speak for themselves and refer to those writings for a complete statement of their terms. Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 215.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 215:***

216.   Defendants respond that the agreements between BANA and NantWorks speak for themselves and refer to those writings for a complete statement of their terms. Except as expressly admitted, Defendants deny all remaining allegations of Paragraph 216.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 216:***

217.   Defendants deny the allegations of Paragraph 217.

***ANSWER TO PLAINTIFFS' ALLEGATION NO. 217:***

218.   Defendants deny the allegations of Paragraph 218.

## COUNT XII

## Breach of Contract under New York and California Law

1  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 218:***

2      219.   Defendants incorporate by reference their responses to each and every

3  allegation contained in all the foregoing paragraphs as if set forth fully herein

4  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 219:***

5      220.   Defendants respond that the agreements between BANA and NantWorks

6  speak for themselves and refer to those writings for a complete statement of their terms.

7  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph

8  220.

9  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 220:***

10      221.   Defendants respond that the agreements between BANA and NantWorks

11  speak for themselves and refer to those writings for a complete statement of their terms.

12  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph

13  221.

14  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 221:***

15      222.   Defendants respond that the agreements between BANA and NantWorks

16  speak for themselves and refer to those writings for a complete statement of their terms.

17  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph

18  222.

19  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 222:***

20      223.   Defendants respond that the agreements between BANA and NantWorks

21  speak for themselves and refer to those writings for a complete statement of their terms.

22  Except as expressly admitted, Defendants deny all remaining allegations of Paragraph

23  223.

24  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 223:***

25      224.   Defendants deny the allegations of Paragraph 224.

26  ***ANSWER TO PLAINTIFFS' ALLEGATION NO. 224:***

27      225.   Defendants deny the allegations of Paragraph 225.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

Defendants deny that NantWorks has any valid claim and deny that NantWorks is entitled to any of the relief requested in its Prayer for Relief.

## **DEMAND FOR TRIAL BY JURY**

Defendants aver that NantWorks's demand for trial by jury purports to state a legal conclusion that does not require response.

DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.'s
ANSWER TO FIRST AMENDED COMPLAINT

1     **AFFIRMATIVE DEFENSES**

2     Without conceding whether Defendants bear the burden of proof or persuasion

3 as to any of the issues raised in these defenses (whether or not denominated as

4 affirmative defenses or otherwise), as separate and distinct affirmative defenses to

5 NantWorks's FAC, Defendants allege as follows:

6     **FIRST AFFIRMATIVE DEFENSE**

7     (Failure to State a Claim for Relief)

8     The FAC fails to state a claim on which relief can be granted.

9     **SECOND AFFIRMATIVE DEFENSE**

10     (Statute of Limitations)

11     NantWorks's claims for DTSA, CUTSA, and breach of contract are barred in

12 whole or in part by the applicable statute of limitations.

13     **THIRD AFFIRMATIVE DEFENSE**

14     (Lack of Standing – Trade Secret)

15     NantWorks lacks standing to assert claims under DTSA and CUTSA, to the

16 extent NantWorks has failed to demonstrate ownership of the alleged trade secrets.

17     **FOURTH AFFIRMATIVE DEFENSE**

18     (Preemption)

19     The Copyright Act preempts Plaintiffs' CUTSA and breach of contract claims.

20     **FIFTH AFFIRMATIVE DEFENSE**

21     (Public Domain / Readily Ascertainable)

22     NantWorks cannot recover under its DTSA and CUTSA claims because its

23 alleged trade secrets were in the public domain or otherwise readily ascertainable by

24 proper means at the time of alleged misappropriation, including through its Copyright

25 Registration No. TX0008852717.

26     **SIXTH AFFIRMATIVE DEFENSE**

27     (Independent Creation)

28     NantWorks's DTSA, and CUTSA claims are barred by the doctrine of

1   independent creation.

## SEVENTH AFFIRMATIVE DEFENSE

(No Costs)

NantWorks is barred by 35 U.S.C. § 288 from recovering any costs associated with its patent infringement claims in this suit.

## EIGHTH AFFIRMATIVE DEFENSE

(No Trade Secret Misappropriation)

NantWorks has not asserted any protectable trade secret and Defendants have not misappropriated any alleged trade secret from NantWorks.

## NINTH AFFIRMATIVE DEFENSE

(No Damages)

NantWorks's claims are barred because it has not suffered any damages as a result of Defendants' alleged conduct.

## TENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

NantWorks's alleged damages, if any, are speculative and not recoverable.

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing – Breach of Contract)

NantWorks's claims are barred in whole or in part by NantWorks's lack of standing.

## TWELFTH AFFIRMATIVE DEFENSE

(No Right to Injunctive Relief)

NantWorks is not entitled to recover injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Willful Infringement / Exceptional Case)

The FAC fails to state a claim for relief against Defendants for willful infringement that would qualify for treble damages under 35 U.S.C. § 284 and fails to state a claim for relief against Defendants that would qualify this as an  exceptional case

under 35 U.S.C. § 285.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

NantWorks has failed to use reasonable efforts to avoid any alleged harm and to mitigate its claimed damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

Defendants are not infringing and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily or in any way, any valid, enforceable claim of the '529 patent, the '252 patent, the '038 patent, the '030 patent, the '036 patent, the '897 patent, the '278 patent, or the '004 patent, willfully or otherwise.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Invalidity)

The asserted claims of the '529 patent, the '252 patent, the '038 patent, the '030 patent, the '036 patent, the '897 patent, the '278 patent, and the '004 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation Section 101, 102, 103, and/or 112.

The asserted claims of the '529 patent, the '252 patent, the '038 patent, the '030 patent, the '036 patent, the '897 patent, the '278 patent, and the '004 patent are each directed to patent-ineligible subject matter because each such claim is directed to an abstract idea and does not contain an inventive concept that amounts to significantly more than a claim directed to the abstract idea itself.

The asserted claims of the '529 patent, the '252 patent, the '038 patent, the '030 patent, the '036 patent, the '897 patent, the '278 patent, and the '004 patent are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including those references listed on the face of such patents, either alone or in combination, disclose the asserted claims of the '529 patent, the '252 patent, the '038 patent, the '030

patent, the '036 patent, the '897 patent, the '278 patent, and the '004 patent and/or the alleged invention(s) claimed therein that would have been obvious to one having ordinary skill in the art in view of the prior art, including but not limited to the prior art listed on the face of such patents.  Additional prior art that invalidates the asserted claims will be set forth in Defendants' invalidity contentions.

One or more claims of the '529 patent, the '252 patent, the '038 patent, the '030 patent, the '036 patent, the '897 patent, the '278 patent, and the '004 patent are invalid under 35 U.S.C. § 112 because they lack an adequate written description, are not enabled, and/or are indefinite.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Prosecution History Estoppel/Disclaimer)

By reason of the proceedings in the U.S. Patent and Trademark Office during prosecution of the applications for the '529 patent, the '252 patent, the '038 patent, the '030 patent, the '036 patent, the '897 patent, the '278 patent, the '004 patent, and related patents, including but not limited to arguments and amendments made during the prosecution of App. No. 09/992,942, such as that the invention "store[s] and compare[s] image characteristics of diverse objects, from symbols to billboard signs, automobiles, and so forth," NantWorks is estopped from using the doctrine of equivalents to claim infringement of the asserted claims as alleged in the FAC and/or NantWorks is barred from an interpretation of any claim term that includes scope that was disavowed or disclaimed during prosecution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Ensnarement)

Plaintiff cannot assert the claims of the '529 patent, the '252 patent, the '038 patent, the '030 patent, the '036 patent, the '897 patent, the '278 patent, and the '004 patent under the doctrine of equivalents because the asserted claim scope would encompass or ensnare the prior art, such as, *e.g.*, U.S. Patent No. 6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No. 6,977,743.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Limitations on Damages)

Any patent infringement claim by NantWorks for damages is limited under 35 U.S.C. §§ 286 and 287. To the extent that NantWorks failed to mark any of its relevant products properly as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendants' actions allegedly infringed the claims of the '529 patent, the '252 patent, the '038 patent, the '030 patent, the '036 patent, the '897 patent, the '278 patent, and the '004 patent, Defendants are not liable to NantWorks for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the asserted patents. On information and belief, NantWorks failed to mark properly at least the products sold or otherwise provided to Zavvi (The Hut), Barnes & Noble, ShaLink, as well as its product, the Looktel Money Reader. Accordingly, on information and belief, NantWorks's claims for recovery of alleged damages are limited by 35 U.S.C. § 287.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Ownership/License)

Pursuant to the terms of the Collaboration Research Agreement dated October 31, 2011, Defendants have an ownership interest in intellectual property developed, created, conceived, or reduced to practice by the parties to the Collaboration Research Agreement. Defendants also have a license to intellectual property developed, created, conceived, or reduced to practice by the parties to the Collaboration Research Agreement. Defendants' ownership interest in and license to such intellectual property bar NantWorks's claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

NantWorks is not entitled to injunctive relief because any alleged injury to NantWorks is not immediate or irreparable, especially given the delay between the issuance of each of the '529 patent, the '252 patent, the '038 patent, the '030 patent, the

34

'036 patent, the '897 patent, the '278 patent, the '004 patent, and the filing of the FAC, and NantWorks has an adequate remedy at law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Equitable Defenses)

NantWorks's claims for relief, in whole or in part, are barred by the doctrines of waiver, unclean hands, implied license, and/or estoppel. NantWorks's claims for injunctive or other equitable relief are barred by laches. Taking NantWorks's allegations as true, for example, NantWorks waited almost nine years after NantWorks claims to have notified Defendants about "these patents and their applicability to their and their customers' use of their mobile check deposit feature" to assert claims against Defendants, which was unreasonable, unfair, misleading, and/or inconsistent with NantWorks's alleged patent rights, thus causing prejudice or harm to Defendants.

### RESERVATION OF AFFIRMATIVE DEFENSES

#### (Additional Defenses)

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses. Defendants hereby reserve the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

### COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendants and Counter-Plaintiffs Bank of America Corporation ("BAC") and Bank of America, N.A., ("BANA") allege the following against Plaintiffs and Counterclaim-Defendants NantWorks, LLC and Nant Holdings IP, LLC (together "NantWorks"):

### PARTIES

1.      Bank of America Corporation is a Delaware corporation with its principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte,

35

NC 28255.

2.    Bank of America, N.A., is a federally chartered national banking association.

3.    On information and belief, NantWorks, LLC is a Delaware limited liability company with its principal place of business at 9920 Jefferson Boulevard, Culver City, CA 90232.

4.    On information and belief, Nant Holdings IP, LLC is a Delaware limited liability company with its principal place of business at 9920 Jefferson Boulevard, Culver City, CA 90232.

## JURISDICTION AND VENUE

5.    Subject to the affirmative defenses and denials set forth above, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202, based on an actual controversy between Bank of America Corporation and Bank of America, N. A., on one hand, and NantWorks, LLC and Nant Holdings IP, LLC, on the other hand, arising under the Patent Laws of the United States, Title 35, United States Code.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). NantWorks has consented to venue by filing suit against Counter-Plaintiffs in this district.

7.    NantWorks has submitted to the personal jurisdiction of this Court by bringing the present action alleging infringement of United States Patent Nos. 7,881,529, 7,899,252, 8,326,038, 8,463,030, 8,478,036, 8,520,897, 9,031,278 and 9,324,004 ("Asserted Patents").

## ASSERTED PATENTS

8.    This is an action for declaratory judgment of noninfringement and invalidity of one or more claim of U.S. Patent No. 7,881,529 ("the '529 Patent"), one or more claim of U.S. Patent No. 7,899,252 ("the '252 Patent"), one or more claim of U.S. Patent No. 8,326,038 ("the '038 Patent"), one or more claim of U.S. Patent No. 8,463,030 ("the '030 Patent"), one or more claim of U.S. Patent No. 8,478,036 ("the

'036 Patent"), one or more claim of U.S. Patent No. 8,520,897 ("the '897 Patent"), one or more claim of U.S. Patent No. 9,031,278 ("the '278 Patent"), and one or more claim of U.S. Patent No. 9,324,004 ("the '004 Patent") under the Patent Laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

9. These Counterclaims arise out of NantWorks's attempt to enforce eight patents against BAC and BANA.

10. NantWorks alleges that it owns the '529 Patent, the '252 Patent, the '038 Patent, the '030 Patent, the '036 Patent, the '897 Patent, the '278 Patent, and the '004 Patent.

11. NantWorks has alleged in the present action that Counter-Plaintiffs infringe the '529 Patent, the '252 Patent, the '038 Patent, the '030 Patent, the '036 Patent, the '897 Patent, the '278 Patent, and the '004 Patent.

12. NantWorks further alleges that through the Bank of America Mobile Banking application, Counter-Plaintiffs offer their mobile check deposit feature to their customers, including individuals and businesses, and that Counter-Plaintiffs control and operate various computers, servers, software, and other infrastructure that operate and support the Mobile Banking application and mobile check deposit feature ("Accused Products").

13. An actual and justiciable controversy exists between NantWorks and Counter-Plaintiffs as to whether Counter-Plaintiffs and the accused mobile banking functionalities infringe any valid claim of the Asserted Patents.

## COUNT ONE

## (Declaratory Judgment of Non-Infringement of the '529 Patent)

14. Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 13 as if fully set forth herein.

15. NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '529 Patent, and that the '529 Patent is valid.

16.     Independent claim 1 of the '529 Patent, for example, recites: [1.A] "a camera that captures an image;" [1.B] "a network-enabled device that conducts a data processing operation on at least a portion of the image to produce data, and sends the data to a service;" [1.C] "the service programmed to receive the data; identify an object within the image; distinguish an object present in the image from others using a database that stores data characteristics of target objects;" [1.D] "associate the object with information; and return the information to the network-enabled device;" and [1.E] "the network-enabled device further programmed to present the information related to the object to a user."

17.     Counter-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '529 Patent.  For example, Bank of America does not provide "a camera that captures an image" and the Accused Products do not "identify an object within the image" or "distinguish an object present in the image from others using a database that stores data characteristics of target objects."  The Accused Products, therefore, do not meet at least the aforementioned claim limitations of claim 1, and thus, do not meet the claims depending from claim 1.

18.     Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement of the '529 Patent.

19.     Counter-Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid, enforceable claim of the '529 Patent.

20.     NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '529 Patent)

21.     Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 20 as if fully set forth herein.

22.     NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '529 Patent, and that the '529 Patent is valid.

23.     The claims of the '529 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Section 101, 102, 103, and/or 112.

24.     The '529 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of identifying an object and retrieving information about the object and recite nothing more than conventional and commonly known components to carry out the abstract idea.

25.     In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that "traditional methods for linking objects to digital information" were well-known in the art, which include "applying a barcode, radio or optical transceiver or transmitter, or some other means of identification to the object, or modifying the data or object so as to encode detectable information in it." '529 Patent at 2:13–18.  Moreover, various methodologies for identifying objects were also well-known in the art, such as, U.S. Patent No. 6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No. 6,977,743, as well as image recognitions techniques for recognizing barcodes or the like, license plate/sign recognition, financial document processing, and retail or consumer products. For example, the system for generating data from an image of a check of U.S. Patent No. 6,097,834 discloses a system with an optical scanner for scanning a check for a financial transaction. Recognition characteristics are generated from the scanned image

and are compared to respective sets of reference recognition characteristics of other transaction documents, *e.g.*, checks, in a database having different respective formats to determine a match. Then, the information from the transaction document is extracted from the image for use in processing a transaction. The automated system and method for checkless check transaction of U.S. Patent No. 5,832,463 discloses a system including a device with a digital camera that captures the image of a check and transfers checking account information, check amount, and the check image electronically over a network to a checkless transaction system including a database. Then the checkless transaction system, having received all relevant transaction data, performs an electronic settlement and electronic post to an account, and the image of the check may be reviewed. With respect to claim 1, for example, in view of NantWorks's application of the claim language in its infringement contentions served on March 4, 2021, U.S. Patent No. 6,097,834 discloses at least Limitations [1.C], and [1.D], and U.S. Patent No. 5,832,463 discloses at least the other limitations. Indeed, by 2000, image scanning and processing systems including mobile devices were well known. *See, e.g.,* '529 patent at 1:47-50. Combining U.S. Patent No. 6,097,834 and U.S. Patent No. 5,832,463 would render the claim obvious at least because it would be merely combining prior art elements according to known methods to yield a predictable outcome.

26. In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite. For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of "the service programmed to receive the data; identify an object within the image; distinguish an object present in the image from others using a database that stores data characteristics of target objects; associate the object with information; and return the information to the network-enabled device."

27. Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement and validity of the '529 Patent.

28.     Counter-Plaintiffs are entitled to a declaratory judgment that the claims of the '529 Patent are invalid.

29.     NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## COUNT THREE

## (Declaratory Judgment of Non-Infringement of the '252 Patent)

30.     Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 29 as if fully set forth herein.

31.     NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '252 Patent, and that the '252 Patent is valid.

32.     Independent claim 18 of the '252 Patent, for example, recites:  [18.A] "providing a mobile device having a camera the mobile device configured to capture an image and configured to transmit data relating to the image an image processing platform;" [18.B] "configuring the image processing platform to receive the data relating to the image and to conduct image processing, including: operating on the data relating to the image to determine if the image contains one or more recognizable symbols; and decoding the recognizable symbols to extract symbol information by analyzing the recognizable symbols according to type;" [18.C] "providing access to a distal server configured to use a database to identify pertinent information associated with the recognizable symbols based on the symbol information;" and [18.D] "allowing the mobile device to receive the pertinent information over a network."

33.     Counter-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '252 Patent.  For example, Bank of America does not "provid[e] a mobile device having a camera" and the Accused Products do not "provid[e] access to a distal server configured to use a database to identify pertinent information associated with the recognizable symbols based on the symbol

41

information." The Accused Products, therefore, do not meet at least the aforementioned claim limitations of claim 18, and thus, do not meet the claims depending from claim 18.

34.     Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement of the '252 Patent.

35.     Counter-Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid, enforceable claim of the '252 Patent.

36.     NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

**COUNT FOUR**

**(Declaratory Judgment of Invalidity of the '252 Patent)**

37.     Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 36 as if fully set forth herein.

38.     NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '252 Patent, and that the '252 Patent is valid.

39.     The claims of the '252 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Section 101, 102, 103, and/or 112.

40.     The '252 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of identifying symbols and retrieving information about the symbols and recite nothing more than conventional and commonly known components to carry out the abstract idea.

41.     In another example, the claims are anticipated and/or rendered obvious by

42

the prior art.  The specification acknowledges that "traditional methods for linking objects to digital information" were well-known in the art, which include "applying a barcode, radio or optical transceiver or transmitter, or some other means of identification to the object, or modifying the data or object so as to encode detectable information in it." '252 Patent at 3:10–16.  Moreover, various methodologies for identifying objects were also well-known in the art, such as, *e.g.*, U.S. Patent No. 6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No. 6,977,743, as well as image recognitions techniques for recognizing barcodes or the like, license plate/sign recognition, financial document processing, and retail or consumer products.  For example, the system for generating data from an image of a check of U.S. Patent No. 6,097,834 discloses a system with an optical scanner for scanning a check for a financial transaction. Recognition characteristics are generated from the scanned image and are compared to respective sets of reference recognition characteristics of other transaction documents, *e.g.*, checks, in a database having different respective formats to determine a match. Then, the information from the transaction document is extracted from the image for use in processing a transaction. The automated system and method for checkless check transaction of U.S. Patent No. 5,832,463 discloses a system including a device with a digital camera that captures the image of a check and transfers checking account information, check amount, and the check image electronically over a network to a checkless transaction system including a database.  Then the checkless transaction system, having received all relevant transaction data, performs an electronic settlement and electronic post to an account, and the image of the check may be reviewed.  With respect to claim 18, for example, in view of NantWorks's application of the claim language in its infringement contentions served on March 4, 2021, U.S. Patent No. 6,097,834 discloses at least Limitations [18.B], and [18.C], and U.S. Patent No. 5,832,463 discloses at least the other limitations. Indeed, by 2000, image scanning and processing systems including mobile devices were well known. *See, e.g.,* '529 patent at 1:47-50.  Combining U.S. Patent No. 6,097,834

and U.S. Patent No. 5,832,463 would render the claim obvious at least because it would be merely combining prior art elements according to known methods to yield a predictable outcome.

42.    In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of "an image processing platform."

43.    Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement and validity of the '252 Patent.

44.    Counter-Plaintiffs are entitled to a declaratory judgment that the claims of the '252 Patent are invalid.

45.    NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## COUNT FIVE

### (Declaratory Judgment of Non-Infringement of the '038 Patent)

46.    Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 45 as if fully set forth herein.

47.    NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '038 Patent, and that the '038 Patent is valid.

48.    Independent claim 1 of the '038 Patent, for example, recites: [1.A] "an optical sensor capable of capturing image information from a displayed image on a portable device display screen; and" [1.B] "an image processing platform coupled with the optical sensor and configured to: identify features from the image information relating to the displayed image;" [1.C] "recognize a target based on the features;" [1.D] "associate the target with target information pertinent to the target; and" [1.E] "enable a transaction with an account based on the target information."

49.   Counter-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '038 Patent.  For example, Bank of America does not provide "an optical sensor" and the Accused Products do not provide for "an optical sensor capable of capturing image information from a displayed image on a portable device display screen," "identify features from the image information relating to the displayed image," or "recognize a target based on the features."  The Accused Products, therefore, do not meet at least the aforementioned claim limitations of claim 1, and thus, do not meet the claims depending from claim 1.

50.   Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement of the '038 Patent.

51.   Counter-Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid, enforceable claim of the '038 Patent.

52.   NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## COUNT SIX

### (Declaratory Judgment of Invalidity of the '038 Patent)

53.   Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 52 as if fully set forth herein.

54.   NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '038 Patent, and that the '038 Patent is valid.

55.   The claims of the '038 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Section 101, 102, 103, and/or 112.

56.   The '038 Patent claims recite patent-ineligible subject matter in violation

45

of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of identifying an object and retrieving information about the object for a transaction and recite nothing more than conventional and commonly known components to carry out the abstract idea.

57.    In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that "traditional methods for linking objects to digital information" were well-known in the art, which include "applying a barcode, radio or optical transceiver or transmitter, or some other means of identification to the object, or modifying the data or object so as to encode detectable information in it." '038 Patent at 3:9–15.  Moreover, various methodologies for identifying objects were also well-known in the art, such as, *e.g.*, U.S. Patent No. 6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No. 6,977,743, as well as image recognitions techniques for recognizing barcodes or the like, license plate/sign recognition, financial document processing, and retail or consumer products.  For example, the system for generating data from an image of a check of U.S. Patent No. 6,097,834 discloses a system with an optical scanner for scanning a check for a financial transaction. Recognition characteristics are generated from the scanned image and are compared to respective sets of reference recognition characteristics of other transaction documents, *e.g.*, checks, in a database having different respective formats to determine a match. Then, the information from the transaction document is extracted from the image for use in processing a transaction. The automated system and method for checkless check transaction of U.S. Patent No. 5,832,463 discloses a system including a device with a digital camera that captures the image of a check and transfers checking account information, check amount, and the check image electronically over a network to a checkless transaction system including a database.  Then the checkless transaction system, having received all relevant transaction data, performs an electronic settlement and electronic post to an account,

46

and the image of the check may be reviewed.  With respect to claim 1, for example, in view of NantWorks's application of the claim language in its infringement contentions served on March 4, 2021, U.S. Patent No. 6,097,834 discloses at least Limitations [1.C], [1.D], and [1.E], and U.S. Patent No. 5,832,463 discloses at least the other limitations. Indeed, by 2000, image scanning and processing systems including mobile devices were well known.  *See, e.g.,* '529 patent at 1:47-50.  Combining U.S. Patent No. 6,097,834 and U.S. Patent No. 5,832,463 would render the claim obvious at least because it would be merely combining prior art elements according to known methods to yield a predictable outcome.

58.    In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of "an image processing platform."

59.    Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement and validity of the '038 Patent.

60.    Counter-Plaintiffs are entitled to a declaratory judgment that the claims of the '038 Patent are invalid.

61.    NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

**COUNT SEVEN**

**(Declaratory Judgment of Non-Infringement of the '030 Patent)**

62.    Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 61 as if fully set forth herein.

63.    NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '030 Patent, and that the '030 Patent is valid.

64.    Independent claim 1 of the '030 Patent, for example, recites: [1.A] "a

47

mobile device configured to acquire data related to an object;" [1.B] "an object identification platform configured to obtain the acquired data, recognize the object as a target object based on the acquired data," [1.C] "and determine object information associated with the target object; and" [1.D] "a content platform configured to obtain the object information, and initiate a transaction associated with the target object with a selected account over a network based on the object information."

65.   Counter-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '030 Patent.  For example, Bank of America does not provide "a mobile device configured to acquire data related to an object" and the Accused Products do not "recognize the object as a target object based on the acquired data."   The Accused Products, therefore, do not meet at least the aforementioned claim limitations of claim 1, and thus, do not meet the claims depending from claim 1.

66.   Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement of the '030 Patent.

67.   Counter-Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid, enforceable claim of the '030 Patent.

68.   NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## COUNT EIGHT

### (Declaratory Judgment of Invalidity of the '030 Patent)

69.   Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 68 as if fully set forth herein.

70.   NantWorks has sued Counter-Plaintiffs in the present action, alleging

infringement of the '030 Patent, and that the '030 Patent is valid.

71.     The claims of the '030 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Section 101, 102, 103, and/or 112.

72.     The '030 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of identifying an object and retrieving information about the object for a transaction, and recite nothing more than conventional and commonly known components to carry out the abstract idea.

73.     In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that "traditional methods for linking objects to digital information" were well-known in the art, which include "applying a barcode, radio or optical transceiver or transmitter, or some other means of identification to the object, or modifying the data or object so as to encode detectable information in it." '030 Patent at 3:27–33.  Moreover, various methodologies for identifying objects were also well-known in the art, such as, *e.g.*, U.S. Patent No. 6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No. 6,977,743, as well as image recognitions techniques for recognizing barcodes or the like, license plate/sign recognition, financial document processing, and retail or consumer products.  For example, the system for generating data from an image of a check of U.S. Patent No. 6,097,834 discloses a system with an optical scanner for scanning a check for a financial transaction. Recognition characteristics are generated from the scanned image and are compared to respective sets of reference recognition characteristics of other transaction documents, *e.g.*, checks, in a database having different respective formats to determine a match. Then, the information from the transaction document is extracted from the image for use in processing a transaction. The automated system and method for checkless check transaction of U.S. Patent

5,832,463 discloses a system including a device with a digital camera that captures the image of a check and transfers checking account information, check amount, and the check image electronically over a network to a checkless transaction system including a database.   Then the checkless transaction system, having received all relevant transaction data, performs an electronic settlement and electronic post to an account, and the image of the check may be reviewed.   With respect to claim 1, for example, in view of NantWorks's application of the claim language in its infringement contentions served on March 4, 2021, U.S. Patent No. 6,097,834 discloses at least Limitations [1.B], [1.C], and [1.D], and U.S. Patent No. 5,832,463 discloses at least the other limitations. Indeed, by 2000, image scanning and processing systems including mobile devices were well known.  *See, e.g.,* '529 patent at 1:47-50.   Combining U.S. Patent No. 6,097,834 and U.S. Patent No. 5,832,463 would render the claim obvious at least because it would be merely combining prior art elements according to known methods to yield a predictable outcome.

74.   In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of "an object identification platform" or "a content platform."

75.   Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement and validity of the '030 Patent.

76.   Counter-Plaintiffs are entitled to a declaratory judgment that the claims of the '030 Patent are invalid.

77.   NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## COUNT NINE

### (Declaratory Judgment of Non-Infringement of the '036 Patent)

78.    Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 77 as if fully set forth herein.

79.    NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '036 Patent, and that the '036 Patent is valid.

80.    Independent claim 1 of the '036 Patent, for example, recites: [1.A] "a target database storing known targets of different types and recognition parameters associated with the known targets;" [1.B] "an identification platform coupled with the target database, and that: communicates with a mobile device capable of acquiring a digital representation of a scene containing at least a portion of a target; receives the digital representation from the mobile device; and" [1.C] "recognizes the target as a known target from the target database based on comparing parameters derived from the digital representation to recognition parameters associated with the known targets; and" [1.D] "a content service coupled with the identification platform, and that: obtains content information related to the known target; and sends the content information to at least one of the identification platform and the mobile device."

81.    Counter-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '036 Patent.  For example, Bank of America does not provide "a target database storing known targets of different types and recognition parameters associated with the known targets" and the Accused Products do not "recognize[] the target as a known target from the target database based on comparing parameters derived from the digital representation to recognition parameters associated with the known targets."  The Accused Products, therefore, do not meet at least the aforementioned claim limitations of claim 1, and thus, do not meet the claims depending from claim 1.

82.    Thus, an immediate, real, and justiciable controversy exists between

NantWorks and Counter-Plaintiffs with respect to the alleged infringement of the '036 Patent.

83.    Counter-Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid, enforceable claim of the '036 Patent.

84.    NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## COUNT TEN

## (Declaratory Judgment of Invalidity of the '036 Patent)

85.    Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 84 as if fully set forth herein.

86.    NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '036 Patent, and that the '036 Patent is valid.

87.    The claims of the '036 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Section 101, 102, 103, and/or 112.

88.    The '036 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of identifying an object and retrieving information about the object, and recite nothing more than conventional and commonly known components to carry out the abstract idea.

89.    In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that "traditional methods for linking objects to digital information" were well-known in the art, which include "applying a barcode, radio or optical transceiver or transmitter, or some other means of identification to the object, or modifying the data or object so as to encode detectable

information in it." '036 Patent at 3:29–35.   Moreover, various methodologies for identifying objects were also well-known in the art, such as, *e.g.*, U.S. Patent No. 6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No. 6,977,743, as well as image recognitions techniques for recognizing barcodes or the like, license plate/sign recognition, financial document processing, and retail or consumer products.  For example, the system for generating data from an image of a check of U.S. Patent No. 6,097,834 discloses a system with an optical scanner for scanning a check for a financial transaction. Recognition characteristics are generated from the scanned image and are compared to respective sets of reference recognition characteristics of other transaction documents, *e.g.*, checks, in a database having different respective formats to determine a match. Then, the information from the transaction document is extracted from the image for use in processing a transaction. The automated system and method for checkless check transaction of U.S. Patent No. 5,832,463 discloses a system including a device with a digital camera that captures the image of a check and transfers checking account information, check amount, and the check image electronically over a network to a checkless transaction system including a database.   Then the checkless transaction system, having received all relevant transaction data, performs an electronic settlement and electronic post to an account, and the image of the check may be reviewed.  With respect to claim 1, for example, in view of NantWorks's application of the claim language in its infringement contentions served on March 4, 2021, U.S. Patent No. 6,097,834 discloses at least Limitations [1.A], [1.C], and [1.D], and U.S. Patent No. 5,832,463 discloses the other limitations.  Indeed, by 2000, image scanning and processing systems including mobile devices were well known.  *See, e.g.,* '529 patent at 1:47-50.  Combining U.S. Patent No. 6,097,834 and U.S. Patent No. 5,832,463 would render the claim obvious at least because it would be merely combining prior art elements according to known methods to yield a predictable outcome.

90.   In another example, the claims are invalid under 35 U.S.C. § 112 because

they lack written description, are not enabled, and/or are not sufficiently definite. For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of "an identification platform" or "a content service."

91.     Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement and validity of the '036 Patent.

92.     Counter-Plaintiffs are entitled to a declaratory judgment that the claims of the '036 Patent are invalid.

93.     NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

**COUNT ELEVEN**

**(Declaratory Judgment of Non-Infringement of the '897 Patent)**

94.     Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 93 as if fully set forth herein.

95.     NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '897 Patent, and that the '897 Patent is valid.

96.     Independent claim 25 of the '897 Patent, for example, recites: [25.A] "providing access to a device having a display; displaying a displayed image on the display of the device; presenting the displayed image proximate to an optical sensor; and" [25.B] "enabling, via the interactive system, identification of features from the displayed image," [25.C] "recognition of a target based on the features," [25.D] "association of the target with target information pertinent to the target," [25.E] "and performance of a transaction based on the target information."

97.     Counter-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '897 Patent. For example, Bank of America does not "provid[e] access to a device having a display" and the Accused Products do

54

not "display[] a displayed image on the display of the device," "present[] the displayed image proximate to an optical sensor," or "enable[e], via the interactive system, identification of features from the displayed image [or] recognition of a target based on the features." The Accused Products, therefore, do not meet at least the aforementioned claim limitations of claim 25, and thus, do not meet the claims depending from claim 1.

98. Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement of the '897 Patent.

99. Counter-Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid, enforceable claim of the '897 Patent.

100. NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

### COUNT TWELVE

### (Declaratory Judgment of Invalidity of the '897 Patent)

101. Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 100 as if fully set forth herein.

102. NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '897 Patent, and that the '897 Patent is valid.

103. The claims of the '897 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Section 101, 102, 103, and/or 112.

104. The '897 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention. For example, the claims are directed to the abstract idea of identifying an object and retrieving information about the object for a transaction and recite nothing more than conventional

1    and commonly known components to carry out the abstract idea.

2          105.   In another example, the claims are anticipated and/or rendered obvious by

3    the prior art.   The specification acknowledges that "traditional methods for linking

4    objects to digital information" were well-known in the art, which include "applying a

5    barcode, radio or optical transceiver or transmitter, or some other means of

6    identification to the object, or modifying the data or object so as to encode detectable

7    information in it." '897 Patent at 3:16–22.   Moreover, various methodologies for

8    identifying objects were also well-known in the art, such as, *e.g.*, U.S. Patent No.

9    6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No.

10   6,977,743, as well as image recognitions techniques for recognizing barcodes or the

11   like, license plate/sign recognition, financial document processing, and retail or

12   consumer products.   For example, the system for generating data from an image of a

13   check of U.S. Patent No. 6,097,834 discloses a system with an optical scanner for

14   scanning a check for a financial transaction. Recognition characteristics are generated

15   from the scanned image and are compared to respective sets of reference recognition

16   characteristics of other transaction documents, *e.g.*, checks, in a database having

17   different respective formats to determine a match. Then, the information from the

18   transaction document is extracted from the image for use in processing a transaction.

19   The automated system and method for checkless check transaction of U.S. Patent No.

20   5,832,463 discloses a system including a device with a digital camera that captures the

21   image of a check and transfers checking account information, check amount, and the

22   check image electronically over a network to a checkless transaction system including

23   a database.   Then the checkless transaction system, having received all relevant

24   transaction data, performs an electronic settlement and electronic post to an account,

25   and the image of the check may be reviewed.   With respect to claim 25, for example, in

26   view of NantWorks's application of the claim language in its infringement contentions

27   served on March 4, 2021, U.S. Patent No. 6,097,834 discloses at least Limitations

28   [25.B], [25.C], [25.D], and [25.E], and U.S. Patent No. 5,832,463 discloses at least the

other limitations.  Indeed, by 2000, image scanning and processing systems including mobile devices were well known.  *See, e.g.,* '529 patent at 1:47-50.  Combining U.S. Patent No. 6,097,834 and U.S. Patent No. 5,832,463 would render the claim obvious at least because it would render the claim obvious at least because it would be merely combining prior art elements according to known methods to yield a predictable outcome.

106.   In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of "an interactive system."

107.   Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement and validity of the '897 Patent.

108.   Counter-Plaintiffs are entitled to a declaratory judgment that the claims of the '897 Patent are invalid.

109.   NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## COUNT THIRTEEN

### (Declaratory Judgment of Non-Infringement of the '278 Patent)

110.   Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 109 as if fully set forth herein.

111.   NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '278 Patent, and that the '278 Patent is valid.

112.   Independent claim 1 of the '278 Patent, for example, recites: [1.A] "receiving, via a mobile device, an image comprising a representation of at least a portion of a document;" [1.B] "determining that symbolic content is on the at least the portion of the document based on the image; extracting symbol information based on

the symbolic content according to symbol type;" [1.C] "determining a validity of the document based at least in part on the image and the symbol information; and" [1.D] "recognizing the document as a first target object based at least in part on the image, the symbol information, and a query of a database storing target object information associated with a plurality of target objects including the first target object;" [1.E] "receiving, via an address, first target object information associated with the first target object, wherein the first target object information comprises a response regarding the validity of the document."

113.   Counter-Plaintiffs are not infringing, and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '278 Patent.   For example, the Accused Products do not "determine[e] a validity of the document based at least in part on the image and the symbol information," "recogniz[e] the document as a first target object based at least in part on the image, the symbol information, and a query of a database storing target object information associated with a plurality of target objects including the first target object," or "receiv[e], via an address, first target object information associated with the first target object."   The Accused Products, therefore, do not meet at least the aforementioned claim limitations of claim 1, and thus, do not meet the claims depending from claim 1.

114.   Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement of the '278 Patent.

115.   Counter-Plaintiffs are entitled to a declaratory judgment that they have not infringed and do not infringe, directly or indirectly, any valid, enforceable claim of the '278 Patent.

116.   NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

**COUNT FOURTEEN**

**(Declaratory Judgment of Invalidity of the '278 Patent)**

117.    Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to 116 as if fully set forth herein.

118.    NantWorks has sued Counter-Plaintiffs in the present action, alleging infringement of the '278 Patent, and that the '278 Patent is valid.

119.    The claims of the '278 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Section 101, 102, 103, and/or 112.

120.    The '278 Patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into patent-eligible invention.  For example, the claims are directed to the abstract idea of identifying symbols and retrieving information about the symbols to determine the validity of a document and recite nothing more than conventional and commonly known components to carry out the abstract idea.

121.    In another example, the claims are anticipated and/or rendered obvious by the prior art.  The specification acknowledges that "traditional methods for linking objects to digital information" were well-known in the art, which include "applying a barcode, radio or optical transceiver or transmitter, or some other means of identification to the object, or modifying the data or object so as to encode detectable information in it." '278 Patent at 3:42–48.  Moreover, various methodologies for identifying objects were also well-known in the art, such as, *e.g.*, U.S. Patent No. 6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No. 6,977,743, as well as image recognitions techniques for recognizing barcodes or the like, license plate/sign recognition, financial document processing, and retail or consumer products.  For example, the system for generating data from an image of a check of U.S. Patent No. 6,097,834 discloses a system with an optical scanner for

scanning a check for a financial transaction. Recognition characteristics are generated from the scanned image and are compared to respective sets of reference recognition characteristics of other transaction documents, *e.g.*, checks, in a database having different respective formats to determine a match. Then, the information from the transaction document is extracted from the image for use in processing a transaction. The automated system and method for checkless check transaction of U.S. Patent No. 5,832,463 discloses a system including a device with a digital camera that captures the image of a check and transfers checking account information, check amount, and the check image electronically over a network to a checkless transaction system including a database.   Then the checkless transaction system, having received all relevant transaction data, performs an electronic settlement and electronic post to an account, and the image of the check may be reviewed.  With respect to claim 1, for example, in view of NantWorks's application of the claim language in its infringement contentions served on March 4, 2021, U.S. Patent No. 6,097,834 discloses at least Limitations [1.B], [1.C], [1.D], and [1.E], and U.S. Patent No. 5,832,463 discloses at least the other limitations.  Indeed, by 2000, image scanning and processing systems including mobile devices were well known. *See, e.g.,* '529 patent at 1:47-50.  Combining U.S. Patent No. 6,097,834 and U.S. Patent No. 5,832,463 would render the claim obvious at least because it would be merely combining prior art elements according to known methods to yield a predictable outcome.

122.   In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of "determining a validity of the document."

123.   Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement and validity of the '278 Patent.

124.   Counter-Plaintiffs are entitled to a declaratory judgment that the claims of

1    the '278 Patent are invalid.

2          125.   NantWorks has also filed this action without a good faith basis, making

3    this an exceptional case. Consequently, NantWorks is liable for any and all attorneys'

4    fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

5                                    **COUNT FIFTEEN**

6          **(Declaratory Judgment of Non-Infringement of the '004 Patent)**

7          126.   Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to

8    125 as if fully set forth herein.

9          127.   NantWorks has sued Counter-Plaintiffs in the present action, alleging

10   infringement of the '004 Patent, and that the '004 Patent is valid.

11         128.   Independent claim 1 of the '004 Patent, for example, recites: [1.A]

12   "analyzing, via a mobile device, a scene represented by the video stream for at least one

13   object;" [1.B] "deriving at least one characteristic of the video stream;" [1.C]

14   "recognizing the at least one object in the scene as a target object based at least in part

15   on the at least one characteristic of the video stream; providing an indication upon

16   recognizing the at least one object as the target object; and" [1.D] "presenting to a user,

17   via an address, content information associated with the target object."

18         129.   Counter-Plaintiffs are not infringing, and have not infringed, either literally

19   or under the doctrine of equivalents, directly, by inducement, contributorily, or in any

20   way, any valid, enforceable claim of the '004 Patent.  For example, the Accused

21   Products do not "analyz[e], via a mobile device, a scene represented by the video stream

22   for at least one object," "recogniz[e] the at least one object in the scene as a target object

23   based at least in part on the at least one characteristic of the video stream," or "present[]

24   to a user, via an address, content information associated with the target object."  The

25   Accused Products, therefore, do not meet at least the aforementioned claim limitations

26   of claim 25, and thus, do not meet the claims depending from claim 1.

27         130.   Thus, an immediate, real, and justiciable controversy exists between

28   NantWorks and Counter-Plaintiffs with respect to the alleged infringement of the '004

1    Patent.

2    131.   Counter-Plaintiffs are entitled to a declaratory judgment that they have not

3    infringed and do not infringe, directly or indirectly, any valid, enforceable claim of the

4    '004 Patent.

5    132.   NantWorks has also filed this action without a good faith basis, making

6    this an exceptional case. Consequently, NantWorks is liable for any and all attorneys'

7    fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

8    **COUNT SIXTEEN**

9    **(Declaratory Judgment of Invalidity of the '004 Patent)**

10   133.   Counter-Plaintiffs re-allege and incorporate by reference Paragraphs 1 to

11   132 as if fully set forth herein.

12   134.   NantWorks has sued Counter-Plaintiffs in the present action, alleging

13   infringement of the '004 Patent, and that the '004 Patent is valid.

14   135.   The claims of the '004 Patent are invalid for failure to satisfy one or more

15   of the requirements of Title 35 of the United States Code, including, without limitation,

16   Section 101, 102, 103, and/or 112.

17   136.   The '004 Patent claims recite patent-ineligible subject matter in violation

18   of § 101 because they are directed to an abstract idea and because they lack an inventive

19   concept sufficient to transform the claim into patent-eligible invention.  For example,

20   the claims are directed to the abstract idea of identifying an object and retrieving

21   information about the object and recite nothing more than conventional and commonly

22   known components to carry out the abstract idea.

23   137.   In another example, the claims are anticipated and/or rendered obvious by

24   the prior art.  The specification acknowledges that "traditional methods for linking

25   objects to digital information" were well-known in the art, which include "applying a

26   barcode, radio or optical transceiver or transmitter, or some other means of

27   identification to the object, or modifying the data or object so as to encode detectable

28   information in it." '004 Patent at 3:42–48.  Moreover, various methodologies for

identifying objects were also well-known in the art, such as, *e.g.*, U.S. Patent No. 6,351,735, U.S. Patent No. 5,832,463, U.S. Patent No. 6,097,834, and U.S. Patent No. 6,977,743, as well as image recognitions techniques for recognizing barcodes or the like, license plate/sign recognition, financial document processing, and retail or consumer products.  For example, the system for generating data from an image of a check of U.S. Patent No. 6,097,834 discloses a system with an optical scanner for scanning a check for a financial transaction. Recognition characteristics are generated from the scanned image and are compared to respective sets of reference recognition characteristics of other transaction documents, *e.g.*, checks, in a database having different respective formats to determine a match. Then, the information from the transaction document is extracted from the image for use in processing a transaction. The automated system and method for checkless check transaction of U.S. Patent No. 5,832,463 discloses a system including a device with a digital camera that captures the image of a check and transfers checking account information, check amount, and the check image electronically over a network to a checkless transaction system including a database.  Then the checkless transaction system, having received all relevant transaction data, performs an electronic settlement and electronic post to an account, and the image of the check may be reviewed.  With respect to claim 1, for example, in view of NantWorks's application of the claim language in its infringement contentions served on March 4, 2021, U.S. Patent No. 6,097,834 discloses or renders obvious at least Limitations [1.B], [1.C], and [1.D], and U.S. Patent No. 5,832,463 discloses at least the other limitations.  Indeed, by 2000, image scanning and processing systems including mobile devices were well known.  *See, e.g.,* '529 patent at 1:47-50. Combining U.S. Patent No. 6,097,834 and U.S. Patent No. 5,832,463 would render the claim obvious at least because it would be merely combining prior art elements according to known methods to yield a predictable outcome.

138.   In another example, the claims are invalid under 35 U.S.C. § 112 because they lack written description, are not enabled, and/or are not sufficiently definite.  For

example, the specification does not reasonably convey to those skilled in the art that the inventor had possession of "providing an indication upon recognizing the at least one object as the target object."

139.   Thus, an immediate, real, and justiciable controversy exists between NantWorks and Counter-Plaintiffs with respect to the alleged infringement and validity of the '004 Patent.

140.   Counter-Plaintiffs are entitled to a declaratory judgment that the claims of the '004 Patent are invalid.

141.   NantWorks has also filed this action without a good faith basis, making this an exceptional case. Consequently, NantWorks is liable for any and all attorneys' fees, expenses, and costs incurred by Counter-Plaintiffs in connection with this action.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, the Defendants pray for judgment as follows:

1.   That NantWorks takes nothing under the FAC, and the FAC be dismissed with prejudice;

2.   That judgment be entered in favor of the Defendants and against NantWorks on each and every cause of action set forth in the FAC;

3.   That the Court find and declare that the claims of the '529 Patent are invalid, void, and without any force or effect;

4.   That the Court find and declare that the asserted claims of the '529 Patent have not been infringed by Counter-Plaintiffs;

5.   That the Court find and declare that the claims of the '252 Patent are invalid, void, and without any force or effect;

6.   That the Court find and declare that the asserted claims of the '252 Patent have not been infringed by Counter-Plaintiffs;

7.   That the Court find and declare that the claims of the '038 Patent are invalid, void, and without any force or effect;

8.      That the Court find and declare that the asserted claims of the '038 Patent have not been infringed by Counter-Plaintiffs;

9.      That the Court find and declare that the claims of the '030 Patent are invalid, void, and without any force or effect;

10.     That the Court find and declare that the asserted claims of the '030 Patent have not been infringed by Counter-Plaintiffs;

11.     That the Court find and declare that the claims of the '036 Patent are invalid, void, and without any force or effect;

12.     That the Court find and declare that the asserted claims of the '036 Patent have not been infringed by Counter-Plaintiffs;

13.     That the Court find and declare that the claims of the '897 Patent are invalid, void, and without any force or effect;

14.     That the Court find and declare that the asserted claims of the '897 Patent have not been infringed by Counter-Plaintiffs;

15.     That the Court find and declare that the claims of the '278 Patent are invalid, void, and without any force or effect;

16.     That the Court find and declare that the asserted claims of the '278 Patent have not been infringed by Counter-Plaintiffs;

17.     That the Court find and declare that the claims of the '004 Patent are invalid, void, and without any force or effect;

18.     That the Court find and declare that the asserted claims of the '004 Patent have not been infringed by Counter-Plaintiffs;

19.     That the Court find and declare this to be an exceptional case under 35 U.S.C. § 285, entitling Counter-Plaintiffs to an award of their reasonable attorneys' fees;

20.     That the Court award to Counter-Plaintiffs their costs and expenses associated with this case; and

DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.'s
ANSWER TO FIRST AMENDED COMPLAINT

1      21.    That the Court award to Counter-Plaintiffs such other relief, in law or in

2    equity, as this Court deems just and proper.

3                              **<u>DEMAND FOR JURY TRIAL</u>**

4           Pursuant to Federal Rule of Civil Procedure 38(b), Counter-Plaintiffs respectfully

5    request a trial by jury on all issues so triable.

6

7

8    Dated:  March 26, 2021                    WINSTON & STRAWN LLP

9

10                                       By: */s/ E. Danielle T. Williams*
                                             GEORGE C. LOMBARDI
11                                           E. DANIELLE T. WILLIAMS
                                             DUSTIN EDWARDS
12                                           MICHAEL A. TOMASULO
                                             Attorneys for Defendants
13                                           BANK OF AMERICA CORPORATION
                                             AND BANK OF AMERICA, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.'s
ANSWER TO FIRST AMENDED COMPLAINT