# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANTWORKS, LLC, a Delaware limited liability company, and NANT HOLDINGS IP, LLC, a Delaware limited liability company, | **Case No. 2:20-cv-07872-GW-PVCx** |
| Plaintiffs, | **REVISED STIPULATED PROTECTIVE ORDER** |
| vs. | |
| BANK OF AMERICA CORPORATION, a Delaware corporation, and BANK OF AMERICA, N.A., a national banking association, | |
| Defendants. | |

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

1

information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in subsection 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: all Discovery Material, and all information contained therein, and other information designated as confidential, to the extent that the Party or non-party designating the Discovery Material as confidential in good faith reasonably believes that such Discovery Material contains non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable state or local consumer privacy protective laws and/or "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 168la) (collectively, the "Acts"), that may be collected or produced in connection with originating, purchasing, or servicing a mortgage loan, or other information, the disclosure of which would, in the good faith judgment of the Producing Party (defined below) be detrimental to the conduct of that Party's business or the business of any of the Party's customers or clients.

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

2

CONFIDENTIAL – SOURCE CODE."

2.5    <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, as well as their immediate support staff, provided that disclosure is only necessary to perform such work, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor,[1] and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This designation shall signify that (i) at the time of the designation the Discovery Material contains or constitutes trade secrets or confidential business or financial information, (ii) there is a substantial and imminent risk that absent such designation, its receipt by the Receiving Party could cause competitive and/or economic harm to the Producing Party, and (iii) such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for "Confidential Information." Nothing in this subsection shall preclude counsel from giving advice to his or her client in this litigation that includes a general evaluation of Highly Confidential Information, provided that counsel shall not disclose the contents of any Highly Confidential Information contrary to the terms of this Stipulated Protective Order.

2.8    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>:

---

[1]    The Parties retain the right to object to a past employee of a Party or of a Party's competitor under subsection 7.5.

3

extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>House Counsel</u>: two (2) designated attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.  A Party may, for good cause, replace a designated House Counsel attorney.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as staff of such counsel to whom it is reasonably necessary to disclose or allow access to Protected Material for this litigation.

2.12    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Party Representative</u>:  two (2) designated representatives of a Party (e.g., officers, directors, and employees) who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions.

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action, including in depositions, document productions or otherwise, or the Party or non-party asserting the confidentiality of such material, as the case may be.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support

4

services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Discovery Material from a Producing Party, including in depositions, document productions or otherwise.

3.    SCOPE

3.1    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order, but this Order shall govern in the absence of such an agreement or order.

3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared or was involved in the preparation of the Protected Material.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph below), or as otherwise stipulated or ordered,

6

Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Any Party or non-party may designate Discovery Material as "confidential" by affixing the notation "CONFIDENTIAL," or by affixing the notation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on the document, making a statement on the record of a deposition or hearing as to the portions to be designated as Protected Material, providing written communication to the respective undersigned counsel for the parties hereto, or by other appropriate means.

A Producing Party may designate a document as Protected Material after such document has been produced by following the procedures set forth below in subsection 5.3.  Once designated, any such document shall be treated as Protected Material.  A Receiving Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

5.3     <u>Inadvertent Failures to Designate</u>. The unintentional failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation.  If the Producing Party notifies all Receiving Parties of an unintentional failure to designate materials as confidential, the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was identified as incorrectly designated.  A Receiving Party shall not be in breach of this Order for any use of such unintentionally-non-designated or inadvertently mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the unintentional failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant

1    to the terms of this Stipulated Protective Order.

2    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

3        6.1    Timing of Challenges. Any Party or Non-Party may challenge a

4    designation of confidentiality at any time. Unless a prompt challenge to a Designating

5    Party's confidentiality designation is necessary to avoid foreseeable, substantial

6    unfairness, unnecessary economic burdens, or a significant disruption or delay of the

7    litigation, a Party does not waive its right to challenge a confidentiality designation by

8    electing not to mount a challenge promptly after the original designation is disclosed.

9        6.2    Meet and Confer. The Challenging Party shall initiate the dispute

10   resolution process by providing written notice of each designation it is challenging and

11   describing the basis for each challenge. To avoid ambiguity as to whether a challenge

12   has been made, the written notice must recite that the challenge to confidentiality is

13   being made in accordance with this specific subsection of the Protective Order. To the

14   extent the Designating Party does not agree in writing to revise or remove the

15   challenged designations as requested, the parties shall attempt to resolve each challenge

16   in good faith and must begin the process by conferring directly (in voice-to-voice

17   dialogue; other forms of communication are not sufficient) within 14 days of the date

18   of service of notice. In conferring, the Challenging Party must explain the basis for its

19   belief that the confidentiality designation was not proper and must give the Designating

20   Party an opportunity to review the designated material, to reconsider the circumstances,

21   and, if no change in designation is offered, to explain the basis for the chosen

22   designation. A Challenging Party may proceed to the next stage of the challenge process

23   only if it has engaged in this meet and confer process first or establishes that the

24   Designating Party is unwilling to participate in the meet and confer process in a timely

25   manner.

26       6.3    Judicial Intervention. If the Parties cannot resolve a challenge without

27   court intervention, the Challenging Party may file and serve a motion to challenge

28   confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

8

5, if applicable). The Challenging Party may file the motion at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in subsection 6.2.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to challenge confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Party Representatives and House Counsel of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who are identified by the Receiving Party to the Designating Party by name and job title;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who are informed of the terms of this Order and agree to be bound by this Order;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) while testifying at deposition, trial, or any other Court hearing in this action only: (i) any current officer, director or employee of the Producing Party or original source of the information; (ii) any former officer, director or employee of the Producing Party or original source of the information if the Protected Material pertains to the period or periods of his or her employment; (iii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iv) any person who otherwise qualifies under any other provision in subsection 7.2;[2]

[2] To the extent that subsections (f)-(h) do not apply, a Receiving Party may make a request to a Designating Party to disclose "CONFIDENTIAL" information to a witness during their deposition where, prior to the deposition of the witness, the Receiving Party makes a written request to the Designating Party showing that disclosure of such "CONFIDENTIAL" information is reasonably necessary to examine the witness and

(h) any person with the prior written consent of the Designating Party; and

(i) any mediator who is assigned to hear this matter, including his or her staff, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of the Receiving Party, provided that such House Counsel have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), are not involved in competitive decision-making for the Receiving Party with regard to the subject matter of this litigation, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), and are identified by the Receiving Party to the Designating Party by name and job title, with such disclosure being limited to materials filed under seal in this litigation;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in subsection 7.5(a)(1), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who are informed of the terms of this Order and agree to be bound by this Order;

providing a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the witness.  The Designating Party shall not unreasonably deny the Receiving Party's request.

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) while testifying at deposition, trial, or any other Court hearing in this action only: (i) any current officer, director or employee of the Producing Party or original source of the information; (ii) any former officer, director or employee of the Producing Party or original source of the information if the Protected Material pertains to the period or periods of his or her employment; (iii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iv) any person who otherwise qualifies under any other provision in subsection 7.3;[3]

(h) any person with the prior written consent of the Designating Party; and

(i)  any mediator who is assigned to hear this matter, including his or her staff, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in subsection 7.5(a)(1),

---

[3] To the extent that subsections (f)-(h) do not apply, a Receiving Party may make a request to a Designating Party to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to a witness during their deposition where, prior to the deposition of the witness, the Receiving Party makes a written request to the Designating Party showing that disclosure of such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is reasonably necessary to examine the witness and providing a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the witness.  The Designating Party shall not unreasonably deny the Receiving Party's request.

below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who are informed of the terms of this Order and agree to be bound by this Order;

(e)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) any person with the prior written consent of the Designating Party.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to either subsection 7.3(c) or 7.4(b) first must make a written request to the Designating Party[4] that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[5] and (5)

---

[4]   For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise agreed by the Non-Party and the Party seeking to make the disclosure, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[5] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the

identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective subsections may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

_____

Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

7.6 <u>Designation of Deposition Transcripts</u>

All depositions and transcripts of any testimony given at a deposition shall presumptively be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to this Stipulated Protective Order during the deposition and for a period of thirty (30) days after a final transcript of said deposition is received by counsel for each of the parties.  At or before the end of such thirty-day period, the deposition, or pages thereof, may be designated as Protected Material by any Party.  If any deposition or pretrial testimony is designated as Protected Material, the Producing Party shall direct the court reporter to affix an appropriate confidentiality legend to the deposition transcript's first page and all portions of the transcript containing Protected Material.  Any Party may challenge the designation by following the procedure set forth in Section 6.

7.7 <u>Designation at Hearings or Trial</u>

In the event that a Party seeks to use Protected Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as Protected Material through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. The Receiving Party may use such Protected Material only after taking such steps as agreed to by the Parties or as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Protected Material.

8.   <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the design, operation, or functionality of any systems, devices, or methods concerning image analysis, object recognition, or pattern recognition, including mobile check deposit, including without

15

limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of Section 8, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this section does not include representing a party challenging a patent (including counsel for the Receiving Party) or a party defending the patent (including counsel for the Receiving Party) before a domestic or foreign agency (including, but not limited to, a reissue proceeding, *ex parte* reexamination or *inter partes* review), except that counsel for the party defending the patent, such as the patent owner (including counsel for the Receiving Party), may not participate, directly or indirectly, in drafting or advising on any amendments or alterations to any patent claim(s) in such proceedings. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.   SOURCE CODE

    (a)   Software and in particular human-readable programming language (i.e., plain text) in the form of source code or assembly code (including excerpts); documents that describe or include source code; documents, formulas, technical specifications, or schematics that include or describe algorithms used in computer source code; and comments, revisions, change histories, or logs concerning source code are collectively referred to herein as "source code." The defined term "source code," as used herein, shall not include publicly available documents (including, for example, publicly available documents obtained by a party from the Patent Office or Copyright Office). To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

1   if it comprises or includes confidential, proprietary or trade secret source code.

2          (b)     Any source code produced in discovery shall be made available for

3   inspection, in a format allowing it to be reasonably reviewed and searched, during

4   normal business hours or at other mutually agreeable times, at an office of the Producing

5   Party's counsel or another mutually agreed upon location.[6]   Prior to the first inspection

6   of any requested source code, the Receiving Party shall provide seven (7) days written

7   notice of the source code that it wishes to inspect. The Receiving Party shall provide

8   three (3) days' notice prior to any additional inspections.  The source code shall be made

9   available for inspection on a secured computer in a secured room without Internet access

10  or network access to other computers, and the Receiving Party shall not copy, remove,

11  or otherwise transfer any portion of the source code onto any recordable media or

12  recordable device.

13         (c)   The Receiving Party, at its own expense, may request that the Producing

14  Party install one or more software tools on the source code computer to analyze and

15  perform searches of the source code, provided that such software tools are necessary to

16  perform the review of the source code, consistent with all of the protections herein. The

17  receiving party must provide the producing party with appropriate access and/or

18  licenses to such software tools at least four (4) business days in advance of the date

19  upon which the Receiving Party wishes to have the software available for use on the

20  source code computer. Timely requests for the installation of such software will not be

21  denied, so long as the requested search software is compatible with the operating system

22  and other software necessary to make the source code available for inspection installed

---

[6] To the extent that travel is hindered or impossible during the COVID-19 crisis, the parties will work collaboratively to identify and implement temporary procedures that will enable the Receiving Party's Outside Counsel and Experts to review source code. For example, the Producing Party may make available the source code for inspection at a location within the same state as one of the Receiving Party's Outside Counsel or Expert, which will allow Outside Counsel or Expert to travel to the location in his or her own private vehicle.  Further, the Producing Party will sanitize the secured room and source code computer prior to any inspection.  Outside Counsel or Expert for the Receiving Party must wear a mask and maintain social distancing for the entire duration of the inspection.

on a source code computer and does not side-step any of the security features enabled on the source code computer or otherwise compromise the security of the source code. The receiving party shall not erase, load, install, or otherwise modify any program on the source code computer without first submitting a written request and obtaining the producing party's agreement to the request.

(d)   The Receiving Party's Outside Counsel of Record and/or Experts shall be entitled to take only handwritten notes relating to the source code. Such handwritten notes may not copy the source code to the notes.  No computers, cell phones, or other electronic devices (including PDAs, tablets, wearables, cameras, storage, or peripheral equipment) may be brought into secured room.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  Any notes taken pursuant to this subsection (d) by Outside Counsel of Record and any notes taken pursuant to this subsection (d) by Experts shall not be discoverable unless specifically relied upon by the Expert in forming an opinion and such notes shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

(e)   The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in subsection (b) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Receiving Party may not request any continuous block of source code that results in more than fifteen (15) consecutive printed pages absent good cause.  (For example, good cause may exist where printing a single source code file would span more than 15 pages.)  In any event, only those limited portions of source

18

code reasonably necessary to prepare for filings, expert reports, deposition, or trial in this case may be requested to be printed.  Any source code that is printed will be on 8.5" x 11" paper with 1" margins with a font no smaller than Courier 12 pt. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  To the extent not challenged, within four (4) business days of a request from the Receiving Party the Producing Party will provide three (3) identical copies of the printed source code to the Receiving Party's Outside Counsel of Record. The Producing Party may watermark the copies if they so desire, but such watermarking may not impede the ability of the Receiving Party to use the copies of the printed source code.  The Producing Party shall keep the originals of the printed source code.

(f)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Producing Party shall be entitled to a copy of the record upon request.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case, and shall keep a record of all copies of the source code that are provided by the Receiving Party to any person approved to access source code under this Stipulated Protective Order. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized

19

individual.

(g)  Except as may be necessary to attach to court filings or as necessary for use at trial, at hearings or at depositions, the Receiving Party may not make additional copies of any portions of the source code printed pursuant to the subsections above.

(h)  The Parties may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped "HIGHLY CONFIDENTIAL - SOURCE CODE" – Subject to Protective Order" or (2) those pages containing quoted source code will be separately bound and stamped as "HIGHLY CONFIDENTIAL - SOURCE CODE" – Subject to Protective Order". All SOURCE CODE DOCUMENTS shall be filed under seal pursuant to subsection 14.3 and Civil Local Rule 79-5.

(i)  All paper copies of source code and all notes or memos containing source code and notes taken during a source code inspection shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition) or the litigation has concluded.  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(j)  Any printed pages of source code, and any documents or things reflecting or including source code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be digitally imaged, e-mailed, transmitted, uploaded, downloaded, photographed, or otherwise electronically duplicated, except for good cause and for the purpose of creating documents or drafts

20

of documents which, pursuant to the Court's rules, must be filed or served electronically or otherwise as necessary for the preparation of or use in Court proceeding(s), deposition(s), and expert reports, and is at all times subject to the restrictions set forth herein. Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may not create electronic images, or any other images, of the source code for use on a computer (e.g., may not scan the prints of the source code to a PDF, or photograph the prints of the source code).  The general prohibition against electronic duplication and transmission of source code does not apply to source code that is produced in electronic form.

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

(a)   If a Receiving Party is served with a subpoena, document demand or other request under applicable federal or state law (collectively, a "Demand"), and the Discovery Material sought by the Demand was produced or designated as Protected Material by someone other than the Receiving Party, the Receiving Party shall give written notice by electronic transmission, within five (5) business days of receipt of such Demand, to the Producing Party who produced or designated the material as Protected Material.

(b)   The Receiving Party shall not produce any of the Producing Party's Protected Material, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party.

(c)   If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Receiving Party subject to the Demand that the Producing Party opposes production of its Protected Material, the Receiving Party shall object to the Demand, citing this Stipulated Protective Order, and shall not thereafter produce such

Protected Material, except as Court-ordered or required by law. The Producing Party shall be responsible for pursuing any objection to the requested production, including moving to quash the subpoena and/or seeking a protective order.  The Receiving Party agrees to cooperate with the Producing Party in resisting the Demand.

(d)     Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulated Protective Order to challenge or appeal any order requiring production of Protected Material covered by this Stipulated Protective Order, or to subject itself to any penalties for non-compliance with any legal process or order for failure to comply with a Demand, or to seek any relief from this Court in connection with obligations imposed by a Demand.

(e)     In the event that Protected Material is produced to a non-party to this Stipulated Protective Order in response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation by the parties to this Stipulated Protective Order.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[7] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL[8]

(a)    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[7] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[8] This Section 12 governs the unauthorized disclosure of all Protected Material, as that term is defined in subsection 2.16, except to the extent there is a conflict with the provisions of this Protective Order concerning SOURCE CODE (including Section 9), in which case the provisions related to SOURCE CODE shall govern.  For example, Section 9 generally prohibits electronic duplication and transmission of source code.

(b)     Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Order.

(c)     An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;

(d)     Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptops, tablets, smartphones, thumb drives, portable hard drives, network drives, virtual private networks, servers, cloud databases, document management systems) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order.  If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level.

(e)     Protected Material (as well as an extracts or summaries) in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order;

(f)     If the recipient of Protected Material is shipping a physical device or form of storage that houses data in electronic format (such as a thumb drive or hard drive), the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence.  If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials.  If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

(g)     If the Receiving Party discovers a breach of security[9] relating to the

---

[9] "Breach of security" is defined as the confirmed or reasonably suspected (using standard industry practices): (i) disclosure or use of Protected Material by or to an

Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with reasonable assurance that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the extent to which the breach may have impacted the Producing Party's Protected Material. The Receiving Party agrees to cooperate with the Producing Party and/or law enforcement in investigating any such security incident.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

(a) A Producing Party's disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the Bank Examiner Privilege or any other privilege, immunity, or protections from disclosure ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege, immunity or protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same.  The Producing Party must specifically and individually identify the Privileged Documents which it unintentionally produced to the Receiving Party.  Upon written notification of inadvertent production of privileged materials (hereafter referred to as "Identified Materials") by the Producing Party, the Receiving Party shall return, destroy, or delete the Identified Materials as requested by the Producing Party.  If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

(1) The Identified Materials shall be deleted from any systems used to

unauthorized person; and/or (ii) loss, theft, hacking, or breach of a device, server, or other information repository containing Protected Material.

1    house the documents, including document review databases, e-rooms and any other
2    location that stores the documents.  The Receiving Party may make no use of the
3    Identified Materials during any aspect of this matter or any other matter, including in
4    depositions or at trial, unless the documents are later designated by a court as not
5    privileged or protected.

6         (2) The contents of the Identified Materials shall not be disclosed to anyone
7    who was not already aware of the contents of them before the notice was made.

8         (b) If a Receiving Party receives Discovery Material that, on its face, appears to
9    be a Privileged Document, and does not know it to have been intentionally produced or
10   made available, the Receiving Party must refrain from examining the materials any
11   more than is essential to ascertain if the materials are privileged.  The Receiving Party
12   shall immediately notify the Producing Party in writing that the Receiving Party
13   possesses material that appears to be privileged or otherwise protected from disclosure.
14   In the event alleged Privileged Documents were unintentionally disclosed, the
15   Producing Party may provide notice to the other parties advising of the disclosure and
16   requesting return or destruction of the Privileged Documents pursuant to this
17   subsection.  The party returning the Identified Materials may move the Court for an
18   order compelling production of some or all of the material returned or destroyed, but
19   the basis for such a motion may not be the fact or circumstances of the production.  This
20   stipulated agreement set forth in this subsection does not constitute a concession by any
21   party that any documents are subject to protection by the attorney-client privilege, the
22   work product doctrine or any other potentially applicable privilege or doctrine. This
23   agreement also is not intended to waive or limit in any way either party's right to contest
24   any privilege claims that may be asserted with respect to any of the documents produced
25   except to the extent stated in the agreement.

26   14.   <u>MISCELLANEOUS</u>

27        14.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any
28   person to seek its modification by the court in the future.

14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.4   Discovery Material shall be utilized by recipients only for purposes of this litigation and for no other purposes.

14.5   Any person receiving Protected Material shall not reveal or discuss such information to or with any person except as expressly permitted by the terms of this Stipulated Protective Order.

14.6   Extracts and summaries of Protected Material shall also be treated as confidential in accordance with the provisions of this Stipulated Protective Order.

14.7   The production or disclosure of Protected Material shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this litigation or in any other action.

14.8   This Stipulated Protective Order is entered into without prejudice to the

right of either Party to seek relief from, or modification of, this Stipulated Protective Order or any provisions thereof by properly noticed motion to the Court. This Stipulated Protective Order shall not prevent a Party from arguing that certain documents are so sensitive that they should not be produced even under this Stipulated Protective Order or from seeking further protection for certain documents.

14.9   The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulated Protective Order by either Party and agrees that under such circumstances the Parties will be entitled to specific performance, and/or injunctive relief, to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

14.10 The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Stipulated Protective Order. All disputes concerning Protected Material, however designated, produced under the protection of this Stipulated Protective Order shall be resolved by the United States District Court for the Central District of California.

14.11 This Stipulated Protective Order has no effect upon, and shall not apply to, the Parties' use of their own Protected Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Protected Material that has been obtained lawfully by such Party independently of the proceedings in this litigation.

14.12 In the event that additional parties join or are joined in this litigation, they shall not have access to Protected Materials until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulated Protective Order.

14.13 The parties agree to be bound by the terms of this Stipulated Protective Order pending the entry by the Court of this Stipulated Protective Order (including as to any materials that have already been produced in this litigation), and any violation of

28

its terms shall be subject to the same penalties and sanctions, as if this Stipulated Protective Order had been entered by the Court.

14.14 This Stipulated Protective Order shall continue to be binding after the conclusion of this Litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed and maintained under seal), documents containing Protected Material filed under seal with the Court that are eventually unsealed, either voluntarily or pursuant to Court order, or documents containing Protected Material of a Designating Party that are filed unsealed by the Designating Party; and (b) a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulated Protective Order.

14.15 Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

14.16 This Stipulated Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulated Protective Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this litigation, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

14.17 This Stipulated Protective Order may be changed by further order of this Court, and is without prejudice to the right of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.  All modifications of, waivers of, and amendments to this Stipulated Protective Order must be in writing and signed by, or on behalf of, the Parties.

15.  DISCOVERY FROM EXPERTS

(a) Testifying Experts shall not be subject to discovery with respect to any draft

29

of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying Expert and/or his or her staff are also exempt from discovery.

(b)  Discovery of materials provided to testifying Experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying Expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any non-testifying Expert except to the extent that such non-testifying Expert has provided information or opinions to a testifying Expert relied upon, and not independently verified, by that testifying Expert in forming his or her final report(s), trial and/or deposition testimony, or any opinion in this case.

(c)  No conversations or communications between counsel and any testifying or consulting Expert will be subject to discovery unless the conversations or communications are relied upon by such Experts in formulating opinions that are presented in reports or trial or deposition testimony or any opinion in this case.

(d)  Materials, communications, and other information exempt from discovery under the foregoing subsections (a)-(c) shall be treated as attorney work product and need not be listed on a privilege log.  Notwithstanding the provisions of this subsection (d), if a testifying Expert conducts or relies on partial or full results of experiments, tests, or studies that form the opinion of a testifying Expert, nothing herein prevents a Party from seeking discovery into the full results of such experiments, tests, or studies.

16.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material through current commercially acceptable sanitizing methods, at the option of the Receiving Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format

30

reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that confirms compliance with this provision. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports and exhibits, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, with the exception of subsection 9(i) pertaining to source code. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4.

FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: May 25, 2023

_____

HON. PEDRO V. CASTILLO
United States Magistrate Judge

31

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of

_____

_____ [**full address**],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of ***NantWorks, LLC and Nant Holdings IP, LLC v. Bank of America Corporation and Bank of America, N.A.*****, Case No. 2:20-cv-7872-GW-PVC**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Present occupation/job description: _____

Name of company or firm: _____

Signature: _____